JENNIE MADDUX et al. VS. A. P. JONES et al.

1. STATUTE OF LIMITATIONS: *Suspension thereof; sec. 2150, Code of* 1871.
   The statute of limitations was suspended from December, 1862, until April, 1867. A suit in equity to foreclose a mortgage is barred whenever the remedy at law to recover the debt is barred (sec. 2150). The filing of a bill in chancery is the beginning of a suit.

2. SAME: *Case in judgment.*
   The notes given for the purchase money fell due in 1861, the bill was filed in July 1873, a waiver of the statute was indorsed on the notes in March, 1866: *Held*, that more than six years, deducting the stay of the statute of limitations, had elapsed from the time the notes fell due until suit was brought; that the only effect of the waiver was to continue the right of action for six years thereafter, and that more than six years had elapsed from the date of the waiver, deducting the time the statute of limitations was inoperative until the bringing of the suit, and that the notes were barred.

APPEAL from the Chancery Court of *Jefferson* County.

Hon. J. M. ELLIS, Chancellor.

The opinion of the court contains a sufficient statement of the case.

*Messrs. Berry & Drake*, for appellants :

Stated the case, and cited the following authorities, to wit : Story's Eq. Pl., 72–76 ; id., §§ 136–7–8 ; 31 Miss., 624 ; 40 id., 778 ; 41 id., 490 ; 47 id., 289 ; 46 id., 97 ; Story's Eq. Pl., 160–177–180 ; 31 Miss., 353 ; 45 id., 619 ; 46 id., 740 ; Story's Eq. Pl., § 193 ; 34 Miss., 304 ; 1 Parsons Cont. (5th ed.), 219 ; 24 Miss., 76, 77 ; Story on Bills, § 441 ; 2 Greenl. Ev. (4th ed.), §§ 519–20 ; 48 Miss., 450, 456 ; Kausler et al. *v.* Ford, 47 Miss., 289 ; Story on Notes, §§ 413, 414 ; 2 Pars. on Notes, 239 ; 2 Am. Lead. Cases (4th ed.), 317, 438, 439 ; 48 Miss., 67, 89 ; 25 id., 151 ; 4 S. & M., 165 ; 4 How. (Miss.), 684 ; 24 Miss., 156 ; 28 id., 361 ; 5 Greenl., 140 ; 11 S. & M., 275–283 ; 6 Rich., 208 ; 3 Bing. (N. C.), 85 ; 40 Miss., 614, 615–18–22 ; 41 id., 44 ; 43 id., 90–268 ; 44 id., 419 ; 45 id., 691, 221 ; 47 id., 144 ; 2 Barb. Ch., 477 ; 1 Bibb, 173 ; 8 B. Mon., 135 ; 47 Miss., 743–4 ; 7 Blackf., 423.

*William Sillers*, for appellees :

Cited and relied upon the following authorities, to wit : 24 Miss., 76, 77 ; 2 Greenl. Ev., §§ 519, 520 ; 2 Met., 568 ; Keerl *v.* Bridgers, 10 S. & M., 612 ; Guion *v.* Doherty, 43 Miss., 554 ; Clopton *v.* Matheny, 48 id., 297 ; 26 id., 599 ; Story's Eq. Pl., §§ 76, 77, 136, 142–3, 164, 189, 195, 197, 233–4 ; Adams *v.* Harris, 47 Miss., 144, 157–8 ; Kausler *v.* Ford, id., 297–299–300 ; 13 S. & M., 373 ; George's Digest, p. 479, §§ 33–35 and 36 ; 48 Miss., 298–9.

SIMRALL, J., delivered the opinion of the court.

Asa P. Jones, Dudley W. Jones and Laura A. Jones, his wife, allege in their bill and amended bill, that they, with Anna M. Jones, sold and conveyed to Thomas S. Osteen, the Waterloo plantation, for the sum of $12,600, to be paid in three equal annual installments. . One payment was made in hand, the other two of $4,200 each, matured respectively the 1st of January, 1861 and 1862. A lien, in the nature of an equitable mortgage, was reserved and retained upon the property as security for the purchase money.

For the installment due the 1st of January, 1862, Osteen gave to the complainants the promissory note of T. J. Cogan, dated 4th January, 1859, and due 1st January, 1861, for $2,180, and also the note of I. W. Burch, dated the 4th of January, 1859, and due 1st January, 1861, for $2,245, each payable to Osteen, and by him indorsed to complainants. For the installment due the 1st of January, 1862, Osteen executed his own note to the complainants for $3,975, which was the amount of that installment remaining due after deducting the sum of $225, the amount which the notes of Cogan and Burch exceeded the second installment. Osteen paid the last installment, but the bill alleges, " That the second installment   *   *   evidenced by the notes of Cogan and Burch has not been paid," except one-half of the principal and interest of the Cogan note. At the time Osteen paid the last installment to Dudley W. Jones, one of the complainants, he demanded that he should be released as indorser on the notes of Cogan and Burch, and that they should be looked to for payment. The bill alleges, that said Jones, knowing full well of the retention of the vendor's lien, as a security for the purchase money, as expressed in the deed,   *   *   and being advised that the indorser was not liable on account of irregularity in the notice and protest; and relying solely on the security reserved in the deed, did release Osteen as indorser of the notes, and agreed to look to the makers, Cogan and Burch, for payment of the same.

The complainants set forth fruitless efforts to collect these notes, insist they have a lien on the land, and claim that it may be sold to satisfy what is due them.

Demetrius Jones, the surviving husband and administrator of Anna M. Jones, is made a defendant by the amended bill, she having died without issue or descendants thereof.

Osteen died testate, in December, 1867, having made a last will and testament, of which Adderton Maddux was appointed executor. Subsequently the executor, under decree of the probate court, sold the Waterloo plantation for distribution among the

heirs and devisees of the testatator, to Jennie Maddux. Both Cogan and Burch have been declared bankrupt.

The foregoing statement of facts contains the substance of the case made by the bill.

The demurrer of the appellant was overruled and hence this appeal.

The demurrer assigns two causes, insisted upon in this court. One is that the complainant's case is barred.

The bill was filed the 29th of July, 1873. That is made by statute the beginning of the suit. The bill is not explicit, but rather evasive, in declaring for what indebtedness, precisely, the complainants claim. If it be construed as averring, or intending to aver that the notes of Cogan and Burch were taken as collateral, and not in the room and stead of, or as satisfaction of the installment of the purchase money due in 1861, then the question on the statute of limitations is, whether that installment is not barred. Some months elapsed, after maturity, before the statute was suspended. From the time it begun to run after the war, to wit, the 2d of April, 1867, to the 23d of July, 1873, there intervened six years, three months and twenty-one days. That complexion of the allegations of the bill is the most favorable that can be put upon them for the complainants.

By virtue of sec. 2150, Code of 1871 (the same with art. 4, p. 399, Code of 1857), the suit in equity to foreclose the mortgage is barred, whenever the remedy at law to recover the debt is barred. Huntington v. Bobbitt, 46 Miss., 533–4.

It is not easy to determine whether the complainants intend to charge a direct indebtedness from the purchaser for the second installment, or whether they mean to allege that the notes of Cogan and Burch were accepted for it, and that the equitable mortgage secures these notes. Conceding, for the purposes of disposing of the question under review, that the lien would protect the debt represented by these notes, the complainants are still confronted with the statute of limitations. Both notes were due when the statute was suspended, and more than six years

have elapsed after the suspension expired before this suit was brought.

The complainants attempt to obviate the bar of the statute, by waivers indorsed by Cogan and Burch, on their respective notes, dated the 8th of March, 1866. These renewals of the obligations of the notes would only continue a right of suit upon them for six years thereafter. They were made whilst the statute of limitations was suspended, after the statute begun to be operative upon the remedy, to wit, the 2d of April, 1867. The time allowed for suit upon the notes had expired before this suit in chancery was instituted.

This view of the case is conclusive; it is unnecessary to consider the other causes of demurrer; the claim of the complainants, in any aspect of the allegations of the bill, is barred.

The demurrer ought to have been sustained and the bill dismissed.

The decree is reversed, and judgment in this court sustaining the demurrer and dismissing the bill.