820 So.2d 1 (2002)
Albert EDMOND, Appellant,
v.
James ANDERSON and David Turner, Appellees.
No. 2000-CP-01562-COA.
Court of Appeals of Mississippi.
January 8, 2002.
Rehearing Denied March 19, 2002.
Certiorari Denied June 27, 2002.
Albert Edmond, Pro Se.
James M. Norris, Jane L. Mapp, Jackson, Attorneys for Appellees.
Before KING, P.J., BRIDGES, and IRVING, JJ.
IRVING, J., for the Court.
¶ 1. Albert Edmond appeals from the dismissal of his motion which sought to compel the South Mississippi Correctional Institution to show cause as to why it should not be enjoined from using female correctional officers in areas where they can observe male prisoners in the bath and toilet areas of the prison. The motion was dismissed as untimely by the Circuit Court of Greene County. Feeling aggrieved, Edmond has appealed and presents two issues for review: (1) whether it is a violation of Appellant's constitutional rights to have female guards in positions where they have unrestricted view of the shower and toilet facilities in Appellant's housing unit, and (2) whether the lower court erred in dismissing Appellant's complaint as untimely. We agree with the trial court that Edmond failed to seek timely judicial review of the Mississippi Department of Correction's (MDOC) decision. Consequently, we affirm the trial court.

FACTS
¶ 2. On June 2, 1995, the Circuit Court of Sunflower County issued an order finding that Garry Lee Moore, a prisoner in Unit 29-E at Parchman, and other similarly situated inmates, were having their privacy violated when they were required to use toilet and shower facilities in full view of female guards. However, the court also found that because of the "unavailability of male applicants, it is not practical nor possible for the court to require MDOC to staff ... with all male guards."
¶ 3. Edmond, a MDOC inmate serving a life sentence and housed in the South Mississippi Correctional Institution at Leakesville (SMCI), apparently believing he was protected by the June 25, 1995 order, filed grievances with the MDOC Administrative Remedies Program regarding his privacy *2 being violated by having to use the toilet and shower in full view of female guards. On November 3, 1999, MDOC concluded its investigation of Edmond's grievance and advised him in writing of the results of its investigation. On November 24, 1999, Edmond acknowledged in writing receipt of the notice from MDOC providing the results of its investigation and advising him that if he was not satisfied with the decision, he had thirty days within which to seek judicial review.
¶ 4. On March 14, 2000, Edmond filed the show cause motion which forms the basis for this appeal. The trial court found that the motion was filed after the thirty-day statutory period, thereby precluding judicial review.
¶ 5. Edmond claims that he filed a civil action via the SMCI legal assistant on December 2, 1999; however, there is no evidence of any such filing in the record which was provided to us in this appeal. Further, Edmond does not contend specifically that he filed an appeal of the November 3, 1999, decision of MDOC. There is correspondence, in the record, to Edmond from the circuit clerk of Greene County regarding some type of lawsuit that Edmond claims to have filed. This correspondence is dated February 25, 2000, and makes reference to Greene County Cause Number XX-XX-XXX(3). In the letter, the circuit clerk advises that she could "not answer as to why the Court never received the Plaintiff's Reply Brief." The clerk also advises that the case had been dismissed. Additionally, the record contains a letter from James M. Norris to Edmond wherein Norris advises that he received Edmond's reply brief on December 6, 1999. However, there is nothing in Norris's letter which would suggest that the reply brief, of which he made reference, was in any way related to an appeal of the November 3, 1999 decision. MDOC's answer to the show cause motion contends that the motion was untimely. As observed, there is nothing in the record to suggest that Cause Number XX-XX-XXX(3) was an appeal of the decision of MDOC rendered on November 3, 1999.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. Edmond, citing Bell v. Wolfish, 441 U.S. 520, 545, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), argues that prisoners do not forfeit all constitutional protections when incarcerated. Edmond also maintains that although the right to privacy is secondary to the need to maintain security in a penal institution, the right, nevertheless, exists. Therefore, Edmond asserts that allowing female correctional officers to have access to unrestricted viewing areas of the shower and toilet facilities of male prisoners violates his constitutional rights. As to the timeliness issue, Edmond contends, as already observed, that he filed a civil suit on December 2, 1999. On the other hand, the State argues that Edmond's action is time barred and not properly before this Court.
¶ 7. Mississippi Code Annotated Section 47-5-807 (Rev.2000) states that "any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure ... may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." Miss.Code Ann. § 47-5-807 (Rev.2000). Clearly, the motion filed on March 14, 2000, was well beyond thirty days from November 24, 1999. Edmond presented no proof to the trial court, other than his bare assertion, that he filed a civil action on December 2, 1999. Edmond did not present to the trial court a copy of the action that he claimed to have filed. As already noted, apparently Edmond filed something at some undetermined time in Cause Number XX-XX-XXX(3). We are left to speculate as to what this might have been, but it was not an appeal of the *3 decision of MDOC rendered on November 3, 1999. Also, the reply brief which counsel for MDOC acknowledged receiving on December 6, 1999, was apparently not connected with any sort of appeal of the November 3, 1999 decision of MDOC.
¶ 8. If Edmond filed a complaint for judicial review on December 2, 1999, it would have been a simple matter to attach a copy of that complaint, along with an affidavit from the legal assistant to whom the complaint was given, to the show cause motion that he filed on March 14, 2000. For the reasons presented, we affirm the decision of the trial court dismissing Edmond's motion as untimely.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.