840 So.2d 734 (2003)
Russell Erik BOLER, a/k/a Russell Bolar, Appellant,
v.
Barbara BAILEY, Christopher Epps and Robert Johnson, Appellees.
No. 2002-CP-00838-COA.
Court of Appeals of Mississippi.
March 18, 2003.
Russell Erik Boler (Pro se), attorney for appellant.
Office of the Attorney General by James M. Norris, attorney for appellees.
Before KING, P.J., THOMAS and CHANDLER, JJ.
THOMAS, J., for the court:
¶ 1. Boler was convicted in 1993 of armed robbery and sentenced to twenty years in the custody of the Mississippi Department of Corrections, with ten of those years being mandatory. On May 11, 2000, Boler received a rules violation report for escape and as a result of the rules violation he lost all of his projected earned time. Aggrieved he asserts the following:
I. THE LOWER COURT ERRED IN DISMISSING THE APPELLANT'S CLAIM THAT HIS *735 SENTENCE HAS BEEN UNLAWFULLY LENGTHENED.
II. THE LOWER COURT ERRED IN DISMISSING THE APPELLANT'S PETITION WITH PREJUDICE BASED UPON MISSISSIPPI CODE ANNOTATED 47-5-805 AND WITHOUT A MEANINGFUL REVIEW OF THE CONDITIONS WHICH CLEARLY WOULD CONSTITUTE EXCUSABLE NEGLECT ALLOWANCE.

FACTS
¶ 2. Russell Boler pled guilty to armed robbery and was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. Pursuant to Miss.Code Ann. § 47-7-3(1)(d), Boler was required to serve at least ten of his sentenced twenty years in prison by mandate. Regarding the remaining ten years, Boler would be eligible for parole or any other early release once the mandatory portion of his sentence was served.
¶ 3. In 1996, Boler received two rule violation reports. One was for disobeying an order of a staff member and the other was for attempting to escape. As a result of these rule violations, Boler lost all of his earned time credit. Boler's motion for post-conviction relief was dismissed as time barred.
I. DID THE LOWER COURT ERR IN DISMISSING THE APPELLANT'S CLAIM THAT HIS SENTENCE HAS BEEN UNLAWFULLY LENGTHENED?
¶ 4. Boler contends that since he was not eligible, under the statute, to accrue earned time while serving the mandatory portion of his sentence, then pursuant to Miss.Code Ann. § 47-5-139, he had no earned time to forfeit and therefore his sentence has been lengthened as he is not able to receive any earned time for the remaining ten years of his sentence, which he was originally eligible to receive. Although the trial court dismissed Boler's petition as time barred we will address his claim of an unlawfully lengthened sentence in as much as if his assertions were true the time bar would be immaterial.
¶ 5. As required by Miss.Code Ann. § 47-5-138(1) Boler's time sheets gave a conditional release date which is determined by subtracting his eligible earned time allowance on the non-mandatory portion of his sentence from the term of that non-mandatory portion. Specifically, he was eligible for five years of earned time, which was reached by computing fifty percent of his ten year non-mandatory sentence. Miss.Code Ann. § 47-5-139(3), in pertinent part, states:
"All earned time shall be forfeited by the inmate in the event of escape and/or aiding and abetting an escape. The commissioner may restore all or part of the earned time if the escapee returns to the institution voluntarily, without expense to the state, and without act of violence while a fugitive from the facility."
Miss.Code Ann. § 47-5-139(3) (Rev.2000).
¶ 6. Miss.Code Ann. § 47-3-139(1)(e) states that an inmate is not eligible for the earned time allowance if he "has not served the mandatory time required for parole eligibility for a conviction of robbery or attempted robbery with a deadly weapon." Earned time may not be accrued on a mandatory sentence for use at the end of that sentence. Williams v. Puckett 624 So.2d 496, 499 (Miss. 1993). The legislature specifically stated that a prisoner would sacrifice all earned time upon attempted escape. Miss.Code Ann. § 47-5-139(3) (Rev.2000). Reading this section with Williams v. Puckett, it is obvious *736 that the legislative intent was to forfeit all earned time available at any time under the conviction of the prisoner.
¶ 7. Boler's contentions are that since he was not eligible to accrue earned time at the time of his attempted escape, then as he reads the statute, he had no earned time to be forfeited. Based on his logic, an inmate serving a portion of his sentence mandatorily could break as many rules as he/she wanted to and participate in as many escapes as possible without any punishment at all. That would leave the statute inapplicable to any inmate who has not served the mandatory portion of their sentence. This is surely not what the legislature meant by "earned time shall be forfeited" as stated in the statute. This issue is without merit.
II. DID THE LOWER COURT ERR IN DISMISSING THE APPELLANT'S PETITION WITH PREJUDICE BASED UPON MISSISSIPPI CODE ANNOTATED 47-5-805 AND WITHOUT A MEANINGFUL REVIEW OF THE CONDITIONS WHICH CLEARLY WOULD CONSTITUTE EXCUSABLE NEGLECT ALLOWANCE?
¶ 8. Boler argues that the statute limiting his appeal period in which to file to thirty days does not apply to this action because he has not asked for damages. He further states that if the time limit is applied to his motion, then the thirty day period to file should be overlooked due to excusable neglect and he should be allowed to proceed with his action.
Miss.Code Ann. § 47-5-807 expressly provides for the right of judicial review as follows: "Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." This right is limited by a preceding section, 47-5-803, which provides that "[n]o state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative review procedure unless and until such offender shall have exhausted the remedies as provided in such procedure."

Edwards v. Booker 796 So.2d 991, 995-96(¶ 20) (Miss.2001) (emphasis added).
¶ 9. Section 47-5-807 grants to offenders the right to judicial review, so long as it is brought within thirty days of receipt of the agency's decision. The statute does not prescribe that this time limit applies only to actions for damages, but rather to any action appealed from an administrative proceeding. Sections 47-5-801 through 47-5-807 provide that an inmate may challenge an adverse decision of the classification committee, so long as he has exhausted all administrative remedies and has brought the petition within thirty days of receipt of the agency's final decision. Edwards v. Booker 796 So.2d at 996(¶ 22).
¶ 10. In Boler's argument that his untimeliness should be excused due to excusable neglect he cites to Federal Rule of Bankruptcy Procedure Rule 9006. This does not support his contention. Boler failed to present any evidence that he made an attempt to meet the thirty day deadline. Mississippi Code Annotated Section 47-5-807 (Rev.2000) states that "any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure ... may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." See Edmond v. Anderson, 820 So.2d 1, 2(¶ 7) (Miss.Ct. App.2002). Just as in Edmond v. *737 Anderson, no evidence was presented to support the contention that the untimely filing was and should be excusable. This issue lacks merit.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DENYING POST-CONVICTION RELIEF WITH PREJUDICE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.