854 So.2d 1090 (2003)
James MAZE, Appellant,
v.
MISSISSIPPI DEPARTMENT OF CORRECTIONS and Florence Jones, Appellees.
No. 2002-CP-00276-COA.
Court of Appeals of Mississippi.
September 23, 2003.
*1091 James Maze, Appellant, pro se.
Office of the Attorney General by Jane L. Mapp, Attorney for Appellee.
Before KING, P.J., BRIDGES and LEE, JJ.
KING, P.J., for the court.
¶ 1. The Circuit Court of Greene County dismissed as untimely the complaint filed by state inmate James Maze, who sought judicial review of an adverse decision of the Administrative Remedies Program (ARP) of the Mississippi Department of Corrections (MDOC). On appeal Maze argues that "the court erred when it declined to address the merits of the case as being outside the time for judicial review."
¶ 2. Maze, an inmate with MDOC, had filed a grievance through ARP complaining that he had not been upgraded to B-custody. On June 7, 2001, Maze acknowledged receipt of the Third Step Response Form and notification that he had thirty days to seek judicial review. Maze signed his "Motion to Show Cause" on July 5, 2001, two days prior to the thirty day deadline. The complaint was not "received" by the Greene County Circuit Clerk's Office until July 11, 2001. Because Maze did not include the required civil case filing form, the clerk's office returned the complaint to Maze without it being filed. Maze then completed the required form and returned it and the complaint to the circuit clerk's office where it was filed on July 27, 2001.
¶ 3. The circuit court dismissed Maze's complaint as untimely filed, finding that "[s]ince the request for judicial review was filed outside the proscribed period, this Court is precluded from reviewing the underlying decision." Maze appeals to this Court from the order of dismissal.
¶ 4. Maze has been incarcerated in the MDOC since December 1989 and has been in "C" custody the entire time. Maze states that he was transferred to the Wilkinson County Correctional Facility (WCCF) in 1998. He contends that he meets the criteria for "B" custody and should be upgraded. In the First Step Response under ARP, Maze was told that he was recommended for "B" custody, but "[t]he paperwork was not signed off by state classification or approved by MDOC." According to the complaint filed by Maze, neither he nor his sister have been given adequate explanation why he has not been approved for "B" custody. The Second Step Response stated that only MDOC can change classification. The Third Step Response provided the factors for consideration in changing classification but gave no indication why Maze was not reclassified.
¶ 5. In his pro se appeal, Maze argues that he mailed his complaint on July 5, 2001, within the thirty day period in compliance with Mississippi Code Annotated Section 47-5-807 (Rev.2000) and that the "mailbox rule" should apply. Maze also argues that his failure to include Civil Case Filing Form ACO/01 with his complaint was due to excusable neglect.
*1092 ¶ 6. In Sykes v. State, 757 So.2d 997 (Miss.2000), our supreme court adopted the "mailbox rule" for purposes of finding that a pro se motion for post-conviction relief was timely "filed" when mailed by the inmate. The court stated:
This Court has long viewed statutes of repose with disfavor, and, in the event of any ambiguity, we place upon such statutes a reasonable construction which will favor the preservation of the action. Gentry v. Wallace, 606 So.2d 1117, 1122 (Miss.1992).
There is nothing in the UPCCRA which necessitates that we interpret the act's time limitation to require that a pro se prisoner must have his motion stamped "filed" in court within three years. If it were so, pro se prisoners would be subject to more disadvantages than are reasonably necessary in the administration of the criminal justice system. Unlike others, the pro se prisoner cannot personally deliver his papers to the court. He will likewise be without access to a fax machine and other means of rapid delivery to our "always open" courts. These impediments, and the other obstacles which face the pro se prisoner, influence our decision. Such concerns, however, do not compel the result reached here. Instead, our decision is based upon what we believe to be the overriding intent and purpose of the Mississippi Uniform Post-Conviction Collateral Relief Act. The act is clearly intended to guide and assist the judiciary in its duty to provide an orderly means of administering the post-conviction claims of a growing prison population. That duty is incumbent upon the judiciary of this state. The duty also falls upon the judiciary of the federal courts, as the courts of last resort in the system for post-conviction relief. To that end, our UPCCRA and the federal Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§ 2241 et seq. (Supp. III 1997) ("AEDPA"), have each put time limitations on the exercise of post-conviction remedies.
In 1988, the United States Supreme Court adopted a "prison mailbox rule" for appeals within the federal system. Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The Houston decision was subsequently incorporated into Rule 5 of the Federal Rules of Appellate Procedure and has since been applied by the federal courts to various types of pleadings. Under the prison mailbox rule, a pleading is deemed timely if it is deposited in the prison mail system within the time required. The Fifth Circuit has adopted the prison mailbox rule for filings under the AEDPA. Spotville v. Cain, 149 F.3d 374, 378 (5th Cir.1998).
Sykes, 757 So.2d at 1000 (¶ ¶ 9-12).
¶ 7. In Gaston v. State, 817 So.2d 613, 615 (¶ ¶ 4-5) (Miss.Ct.App.2002), this Court reviewed the prison mail box rule and found that it extended to all actions under post-conviction relief and appeals in those actions. This clarified the decision in Sykes and brought Mississippi law "into conformity with those jurisdictions that have adopted the prison mailbox rule after Houston." Id.
¶ 8. Contrary to the argument by the State, while the mail box rule has only been applied in cases under post-conviction relief, there is no reason why the rule should not apply in the context of this case, a civil filing by a pro se prisoner seeking judicial review. As previously stated by the supreme court, "pro se prisoners would be subject to more disadvantages than are reasonably necessary in the administration of the criminal justice system" if such a rule is not applied. Id.
*1093 ¶ 9. Mississippi Code Annotated Section 47-5-807 (Rev.2000), the applicable statute in this case, provides:
Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Section 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision.
By contrast, Mississippi Code Annotated Section 99-39-7 (Rev.2002) requires that the post-conviction relief motion be "filed" in the trial court. The time line in this case, accepted by the State, clearly evinces that Maze did "seek judicial review" within thirty days.
¶ 10. The State has provided no authority for the proposition that the failure to include the civil case filing form is a jurisdictional defect. We likewise find no such authority and adopt "a reasonable construction which will favor the preservation of the action." Sykes, 757 So.2d at 999 (¶ ¶ 4-5).
¶ 11. Because we find that the circuit court erred in dismissing Maze's complaint as untimely, we reverse and remand for a full hearing on the merits of his complaint.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY IS REVERSED AND REMANDED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLEES.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.