953 So.2d 264 (2007)
Louis CLAY, Jr., Appellant
v.
Christopher EPPS, Ronald King, James Brewer, Darlester Foster, Letitia Roach, Bobby King, David Guess, Brenda Sims, Daniel Paff, and Lynn Moody, in Their Official Capacities with the Mississippi Department of Corrections, and John Smith, Individually, Appellees.
No. 2005-CP-01855-COA.
Court of Appeals of Mississippi.
January 30, 2007.
*265 Louis Clay, Jr., Appellant, pro se.
Office of the Attorney General, by Jane L. Mapp, attorney for appellees.
Before KING, C.J., IRVING and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Louis Clay, Jr., filed a grievance with the Administrative Remedy Program of the Mississippi Department of Corrections ("ARP"). After receiving an adverse decision, he filed a complaint in the Greene County Circuit Court. The judge dismissed his complaint as untimely. Clay appeals and argues that his complaint was timely filed in accordance with the prison mailbox rule. We reverse and remand.
¶2. Clay is an inmate incarcerated with the Mississippi Department of Corrections. He was hit in the head by a fellow inmate. Clay filed a grievance with the ARP alleging that prison officials failed to protect him from the assault and failed to provide adequate medical care. On March 24, 2005, Clay acknowledged receipt of the Third Step Response, which gave notice that under the ARP his claim was denied. He mailed a complaint to the circuit court on April 20, 2005. The circuit court dismissed the complaint finding that it was untimely filed.
¶ 3. Findings of fact are given deferential treatment and are subject to the manifest error/substantial evidence standard. Russell v. Performance Toyota, Inc., 826 So.2d 719, 721(¶ 5) (Miss.2002). We review legal questions de novo. Id.
¶ 4. Clay argues that the circuit court erred in dismissing his complaint, because he did not receive notice of the adverse decision until March 24, and he mailed his complaint within thirty days of this notice. The State concedes that the trial court was in error.
¶ 5. The ARP provides, "administrative remedies available to offenders for the purpose of preserving any cause of action [they] may claim to have against the State of Mississippi, the Department of Corrections or its officials or employees." Miss. Code Ann. § 47-5-803(1) (Rev.2004). "Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decisions, seek judicial review of the decision." Miss.Code Ann. § 47-5-807 (Rev.2004). A prisoner satisfies this rule if he submits his complaint for mailing with the prison officials within this time period. Maze v. Miss. Dep't of Corrections, 854 So.2d 1090, 1092(¶ 8) (Miss.Ct.App.2003).
¶ 6. For example in Maze, the plaintiff prisoner acknowledged receipt of the final adverse decision from the ARP on June 7, 2001. Id. at 1091(¶ 2). He signed and mailed a motion to show cause on July 5. Id. at (¶¶ 2-5). This was not filed stamped by the Greene County Circuit Clerk until July 11. Id. at (¶ 2). Applying the prison mailbox rule, this Court held that Maze's motion was timely, because it was considered filed once it was submitted for mailing with prison officials. Id. at 1092(¶ 8). This Court reversed and remanded for a full hearing on the merits. Id. at 1093(¶ 11).
*266 ¶ 7. Here, Clay timely sought judicial review in this case. He acknowledged receipt of the Third Step Response denial of his claim, March 24, 2005. The prison mail log indicates Clay mailed "legal mail" to the Greene County Circuit Clerk's office on April 20. This is the only mailing he sent to the circuit clerk. Therefore, Clay's complaint was filed within thirty days of receiving notice of the adverse decision.
¶ 8. We note that, even absent the prison mailbox rule, Clay's complaint was timely filed on April 25. The thirtieth day to seek judicial review was April 23, which fell on a Saturday. If the deadline for filing a pleading is on a Saturday, the party has until the next day that the court is open to file the pleading. M.R.C.P. 6. Therefore, Clay would have had until the following Monday, April 25, to file his complaint. His complaint was stamped filed April 25.
¶ 9. Because the circuit court erred in dismissing Clay's complaint, we reverse and remand.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GREENE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.