PIERCE, Justice, for the Court:
¶ 1. Larry Hammett petitioned for statutory compensation under the legislative act for Compensation to Victims of Wrongful Conviction and Imprisonment. See generally Miss.Code Ann. §§ 11-44-1 to 11^44-15 (Rev.2012). The Adams County Circuit Court dismissed Hammett’s claim on the ground it was time-barred. Hammett, pro se, appeals to this Court. We reverse the *932 dismissal and remand this case to the trial court.
PROCEDURAL HISTORY
¶ 2. Hammett was found guilty of perjury by a jury trial on March 6, 1997, and was sentenced as a habitual offender to serve ten years in the custody of the Mississippi Department of Corrections (MDOC). On January 23, 2001, having found the State had failed to prove its perjury case against Hammett with sufficient evidence, the Mississippi Court of Appeals reversed and rendered Hammett’s perjury conviction and vacated Hammett’s sentence. Hammett v. State, 797 So.2d 258, 264 (Miss.Ct.App.2001).
¶ 3. In 2009, the Legislature enacted Mississippi Code Section 11-44-1 et seq., which allows compensation for “innocent persons” wrongfully convicted “of one or more felonies and subsequently sentenced to a term of imprisonment,” and who have “served all or any part of the sentence!.]” See Miss.Code Ann. §§ 11-44-1, 11-44-7 (Rev.2012). In 2012, Hammett petitioned for compensation under this provision on the claim that he had spent five years in prison for a wrongful conviction. The trial court found that Hammett had filed his claim on October 5, 2012, and dismissed the claim because it found the claim time-barred pursuant to Section 11-44-9(1), which states as follows:
An action for compensation brought by a wrongfully convicted person under the provisions of this chapter shall be commenced within three (3) years after either the grant of a pardon or the grant of judicial relief and satisfaction of other conditions described in Section 11 — 44-3(1); provided, however, that any action by the state challenging or appealing the grant of said judicial relief shall toll the three-year period. Persons convicted, incarcerated and released from custody prior to July 1, 2009, shall commence an action under this chapter not later than June 30, 2012.
Miss.Code Ann. § 11 — 44-9(1) (emphasis added). Having been released from custody prior to July 1, 2009, Hammett’s deadline for filing a claim was June 30, 2012.
¶ 4. Hammett, who currently is back in the custody of the MDOC for another unrelated offense, thereafter filed a motion in the Adams County Circuit Court, entitled “Motion to Reinstate Claim.” He therein contended that his claim was timely under the “prison mailbox rule.” Hammett submitted that he had filed his suit on May 29, 2012, but the complaint was returned to him because he had failed to include the necessary filing fee. Hammett also claimed that he had refiled the complaint along with an application to proceed in forma pauperia (IFP) on June 19, 2012, eleven days before the deadline. Hammett attached three exhibits to his motion. “Exhibit A” contains a photo copy of an unsigned time stamp from the Adams County Circuit Clerk’s office, on an unidentified piece of paper, which reads, “Received and Filed May 29, 2012.” “Exhibit B” contains a notary log, denoting a notarized “appl. to proceed in forma pauperis,” dated “6/19/12.” And “Exhibit C” contains a “State Offender Request Form,” dated “9/19/12,” requesting from “ACA MANAGER: Ms. Pratt,” all the dates that she mailed “legal paper(s),” to the Adams County Circuit Clerk. The request form has the following response: “Mr. Hammett[,] The date was Thursday!,] May 24th, 2012. Mrs. Pratt[,] 9/20/12.”
¶ 5. In an order issued on October 29, 2012, the circuit court denied the motion, finding that Hammett was not entitled to any relief because it was clear from the record that Hammett did not file his petition for wrongful-conviction compensation *933 until October 5, 2012. Hammett appeals to this Court.
DISCUSSION
¶ 6. If Hammett did not file his claim until October 5, 2012, his claim is clearly time-barred pursuant to Section 11-44-9. Although Hammett did not file his complaint with the court, he contends that he filed it with prison officials, and the prison mailbox rule applies. We find that a question exists as to whether it does.
¶ 7. In Sykes v. State, this Court adopted the “mailbox rule” for purposes of finding that a pro se motion for post-conviction relief was considered “filed” when timely mailed by the inmate. We held that:
[A] pro se prisoner’s motion for post-conviction relief is delivered for filing under the Mississippi Uniform Post-Conviction Collateral Relief Act (UP-CCRA) and the Mississippi Rules of Civil Procedure when the prisoner delivers the papers to prison authorities for mailing. Prison authorities may initiate such procedures as are necessary to document reliably the date of such delivery, by means of a prison mail log of legal mail or other expeditious means. Henceforth, an inmate’s certificate of service will not suffice as proof.
Sykes v. State, 757 So.2d 997, 1000-01 (Miss.2000).
¶ 8. In Maze v. Mississippi Department of Corrections, 854 So.2d 1090 (Miss.Ct.App.2003), the Court of Appeals extended the “prison mailbox rule” to civil filings by pro se prisoners seeking judicial review of an adverse decision of the Administrative Remedies Program (ARP) of the MDOC. In Easley v. Roach, 879 So.2d 1041, 1042 (Miss.2004), which also involved an inmate seeking judicial review of an ARP decision, this Court agreed with the Court of Appeals’ ruling in Maze and held that “a pro se pleading is considered ‘filed’ when mailed by the inmate and not when it is received by the circuit clerk.” The Easley court further held that “neither an inmate’s certificate of service nor a notary stamp is sufficient as proof of the date mailed and that a prison mail log of legal mail is a more reliable source of the date of delivery.” Easley, 879 So.2d at 1043 (emphasis added).
¶ 9. Pursuant to Mississippi Rule of Civil Procedure 3(a), “[a] civil complaint is commenced by filing a complaint with the court. A costs deposit shall be made with the filing of the complaint....” The comment to Rule 3(a) provides, in part: “Ascertaining the precise date of commencement is important in determining whether an action ... is barred by a statute of limitations, see Maddux v. Jones, 51 Miss. 531 (1875)....” See M.R.C.P. 3(a) cmt. Rule 3(c) provides for in forma pauperis (IFP) status, which allows those costs to be waived if a pauper affidavit is filed in the action.
¶ 10. Based on the record, Hammett submitted his petition for statutory compensation to prison officials for mailing on May 24, 2012. But he failed to include either a filing fee or an IFP affidavit along with it. On June 19, 2012, Hammett had an IFP affidavit notarized. But the record is inconclusive as to whether Hammett resubmitted his complaint along with the notarized IFP affidavit to prison officials for mailing to the Adams County Circuit Clerk’s office prior to the June 30, 2012, deadline. Accordingly, we reverse the judgment below and remand this case to the Adams County Circuit Court for proceedings consistent with Maze.
CONCLUSION
¶ 11. We reverse the circuit court’s judgment and remand this case to the *934 circuit court to determine whether Hammett submitted his petition and IFP application for mailing before the June 30, 2012 deadline. The Attorney General’s Office shall be made a respondent in the matter pursuant to Mississippi Code Section 11-44-5.
¶ 12. REVERSED AND REMANDED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, KING AND COLEMAN, JJ„ CONCUR.