# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01689-COA

**BOBBY D. HORTON, JR.**                                                    **APPELLANT**

v.

**RON KING**                                                                      **APPELLEE**

DATE OF JUDGMENT:                09/06/2013
TRIAL JUDGE:                     HON. DALE HARKEY
COURT FROM WHICH APPEALED:       GREENE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          BOBBY D. HORTON JR. (PRO SE)
ATTORNEYS FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                 BY: JAMES M. NORRIS
                                    ANTHONY LOUIS SCHMIDT JR.
NATURE OF THE CASE:              CIVIL - STATE BOARDS AND AGENCIES
TRIAL COURT DISPOSITION:         PETITION FOR WRIT OF HABEAS
                                 CORPUS DISMISSED WITHOUT
                                 PREJUDICE
DISPOSITION:                     AFFIRMED: 10/07/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., MAXWELL AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Bobby D. Horton Jr. appeals the circuit court's judgment that dismissed his petition

for a writ of habeas corpus.

¶2.     In 1986, Horton was convicted in DeSoto County for receiving stolen property.  He

was sentenced to five years, with four years suspended and one year to serve.  Horton was

released from this sentence on July 10, 1987.

¶3.     After his release, Horton was arrested and charged with aggravated assault in Panola

County. On February 17, 1989, based on the arrest, the DeSoto County Circuit Court revoked his suspended sentence and remanded him to the custody of the Mississippi Department of Corrections (MDOC) for four years.

¶4. On April 18, 1989, Horton was convicted for the aggravated assault and grand-larceny offenses in Panola County. He was sentenced to twenty years and five years, respectively, to be served consecutively, as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2007).

¶5. While in MDOC custody, on June 19, 2008, Horton was convicted of possession of contraband in a prison facility. He was sentenced to serve four years, which was to run consecutively to the Panola County sentences.

¶6. Horton raised several issues through the MDOC's Administrative Remedy Program (ARP). First, he argued that he was denied eligibility for parole on his Desoto County conviction. As a result, Horton complained that the commencement of his mandatory sentences from Panola County have been delayed. Next, he claimed that his mandatory sentence has been extended beyond the maximum provided by law through the loss of earned time as a result of rules violations and frivolous lawsuits. Finally, Horton claimed that he has been wrongfully denied application of the twenty-five-percent rule in regard to his nonviolent conviction for possession of contraband from Sunflower County. These claims were exhausted on May 22, 2013.

¶7. On July 8, 2013, Horton filed his petition for a writ of habeas corpus in the Circuit Court of Greene County. He is currently confined as an inmate at the South Mississippi Correctional Institute in Leakesville, Mississippi. On September 6, 2013, the circuit court

2

dismissed Horton's petition. It is from this judgment that Horton now appeals.

¶8. The standard of review that this Court employs in administrative-agency decisions of the MDOC is that we will not disturb the decision of an administrative agency unless the decision is "unsupported by substantial evidence[,] arbitrary or capricious[,] beyond the agency's scope or powers[,] or violative of the constitutional or statutory rights of the aggrieved party." *Edwards v. Booker*, 796 So. 2d 991, 994 (¶10) (Miss. 2001).

¶9. In this appeal, Horton challenges the administrative actions of the MDOC regarding his parole eligibility and the time period of his sentences. Specifically, Horton argues that he was wrongly denied his statutory right to appear before the Mississippi Parole Board, and that his mandatory sentence for grand larceny had been erroneously extended beyond the statutory maximum.

¶10. The State argues that Horton failed to timely file his appeal with the circuit court after exhausting his remedies under the MDOC's ARP process. The State also argues that the MDOC's decision was supported by substantial evidence, not arbitrary or capricious, not beyond the agency's scope or powers, and not violative of Horton's constitutional or statutory rights.

¶11. "Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure . . . may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." Miss. Code Ann. § 47-5-807 (Rev. 2011). This Court has upheld the dismissal of an untimely filed pro se motion from an inmate appealing an administrative decision of the MDOC. *Edmond v. Anderson*, 820 So. 2d 1, 2-3 (¶¶7-8) (Miss. Ct. App. 2002).

3

¶12. Horton failed to timely file his appeal. Horton completed his administrative-review process on May 22, 2013. He filed the "Petition for Writ of Habeas Corpus" on July 8, 2013. This was beyond the thirty-day statutory deadline in section 47-5-807.

¶13. In addition, Horton has provided no evidence that he was restricted from timely filing his appeal by the MDOC. Horton claims that he could not file his petition through the prison law library until he obtained the completed in forma pauperis petition and financial-authorization form. He also claims that he requested an extension of time from the court clerk. However, there is no evidence in the record to support his assertions. As a result, we find that the circuit court's decision to dismiss the petition as untimely filed was proper.

¶14. We also find that the circuit court properly dismissed Horton's claims related to his parole and illegal sentences. The circuit court held that these claims could only be asserted under the Mississippi Post-Conviction Collateral Relief Act. As such, the claims would have to be addressed by the original sentencing court. Miss. Code Ann. § 99-39-7 (Supp. 2014). The court further instructed Horton that the separate claims would have to be made through separate motions within the three different jurisdictions in which Horton was convicted. We agree. This Court has held that "an inmate may contest matter[s] such as [matters related to parole and sentencing] as an original action in circuit court," even though the inmate had not timely sought judicial review of the denial of his grievance pursuant to the administrative-grievance procedure. *Lattimore v. Sparkman*, 858 So. 2d 936, 938 (¶7) (Miss. Ct. App. 2003).

¶15. Because we find no error, the circuit court's judgment is affirmed.

¶16. **THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY IS**

4

**AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GREENE COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**