# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01560-COA

**EARNEST HERRING**                                                    **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF**                                          **APPELLEE**
**CORRECTIONS**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/06/2018 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | EARNEST HERRING (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | VACATED - 04/07/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.

### McCARTY, J., FOR THE COURT:

¶1.     Earnest Herring sought judicial review when the Mississippi Department of Corrections (MDOC) denied him earned time toward his criminal convictions. Because the petitioner sought judicial review outside the thirty-day time limit set by the Legislature, we vacate the decision of the circuit court.

## PROCEDURAL HISTORY

¶2.     While serving time for rape, Herring asked MDOC to place him in its meritorious earned time (MET) program. The MET program "provide[s] incentive for offenders to achieve positive and worthwhile accomplishments for their personal benefit or the benefit

of others" by granting them "meritorious earned time as distinguished from earned time for good conduct and performance." Miss. Code Ann. § 47-5-142(1) (Rev. 2015).

¶3. MDOC denied the request, responding to Herring that he was "not eligible for MET due to having a mandatory sentence and due to [his] current charge." Herring sought review of that denial, arguing that MDOC's policy was contrary to the MET statute. MDOC denied his claim a second time. Herring then sought judicial review. The Hinds County Circuit Court found that MDOC had not acted arbitrarily or capriciously since Herring was not entitled to participate in the program.

## STANDARD OF REVIEW

¶4. "The Court will not disturb a decision of an administrative agency, like the Department [of Corrections], unless the decision is unsupported by substantial evidence, is arbitrary or capricious, is beyond the agency's scope or powers, or is a violation of the party's constitutional rights." *Thomas v. Miss. Dep't of Corr.*, 248 So. 3d 786, 789 (¶8) (Miss. 2018).

## DISCUSSION

¶5. State law provides that "[a]ny offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure . . . may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." Miss. Code Ann. § 47-5-807 (Rev. 2015). "Filing within the statutorily-mandated time is jurisdictional." *Stanley v. Turner*, 846 So. 2d 279, 282 (¶11) (Miss. Ct. App. 2003). The failure to timely seek judicial review of an administrative remedy program decision will result in dismissal.

2

*Id*.

¶6. In *Stanley*, under the inmate's own calculations, he waited about 124 days before seeking judicial review. *Id*. This required dismissal of the request for judicial review. *Id*.; *see Hill v. State*, 165 So. 3d 495, 498 (¶11) (Miss. Ct. App. 2015) (stating that the failure to seek judicial review for "over two months," or seventy-seven days, after petitioner acknowledged receiving MDOC's decision was jurisdictional).

¶7. Herring began the grievance process on September 9, 2016. He received the first-step response denying his request on September 22, 2016. On October 2, 2016, he indicated that he was not satisfied and wanted to proceed to further review. On February 17, 2017, Herring was sent a denial stating that "no further action was warranted" because he was serving a mandatory sentence.

¶8. Under State law, Herring then had thirty days in which to seek judicial review of the agency's final decision. This date landed on Sunday, March 19, 2017. The next business day after the time ran was Monday, March 20, 2017. But Herring did not seek judicial review until April 10, 2017, or fifty-two days after the decision. As a matter of law, this means the request was untimely, which deprived the trial court of jurisdiction to review the administrative determination.

¶9. In his reply brief, Herring admits the request for judicial review was untimely filed. However, he asks that the Court find there was "good cause" for it being untimely. Yet we have never adopted that standard for appeals of administrative decisions under section

3

47-5-807.[1] Herring does not show any concrete reason why his attempt to seek judicial review was untimely, only arguing his delay should be forgiven because he was moved from Mississippi State Penitentiary to Carroll-Montgomery County Regional Correction Facility after the first denial by MDOC. But the move happened before Herring's second request for MDOC review and therefore months before his request for judicial review.

¶10.     When an inmate "fail[s] to present any evidence that he made an attempt to meet the thirty day deadline," we will deny relief. *Boler v. Bailey*, 840 So. 2d 734, 736 (¶10) (Miss. Ct. App. 2003). Because Herring filed his request for judicial review over twenty days after the time to seek judicial review of MDOC's decision and outside the thirty-day time period set by State law, the circuit court lacked jurisdiction over the request for judicial review. Because the circuit court lacked jurisdiction, its order is vacated. *See Forkner v. State*, 227 So. 3d 404, 406 ¶ 6 (Miss. 2017) (reversing and vacating a trial court judgment because the trial court lacked jurisdiction).[2]

---

[1] We have recognized that the prison mailbox rule applies to the jurisdictional thirty-day requirement, so "[a] prisoner satisfies this rule if he submits his complaint for mailing with the prison officials within this time period." *Clay v. Epps*, 953 So. 2d 264, 265 (¶5) (Miss. Ct. App. 2007); *Maze v. Miss. Dep't of Corr.*, 854 So. 2d 1090, 1093 (¶¶1, 10) (Miss. Ct. App. 2003) (finding a complaint was timely filed under the prison mailbox rule even when the circuit court clerk rejected the filing for lack of a civil cover sheet, since inmate timely "sought judicial review" and there was no authority that the "failure to include the civil case filing form is a jurisdictional defect"). Herring did not invoke this exception.

[2] The circuit court proceeded to the merits of Herring's claim and found it could not succeed because he was serving a mandatory sentence. "It is well-established that this Court will affirm the action of the trial court when the right result is reached, even if for an incorrect reason." *Stanley*, 846 So. 2d at 282 (¶12). Even if Herring's request were not time-barred, he would not be able to succeed. As he admits, Herring was convicted of rape. State law provides that "[a]n inmate shall not be eligible for the earned time allowance if . . . [t]he inmate was convicted of a sex crime." Miss. Code Ann. § 47-5-139(1)(d) (Rev.

¶11.   **VACATED.**

     **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.**

---

2015); *see Givens v. Mississippi Dep't of Corr.*, 2018-CP-01379-COA, 2019 WL 5703958, at *1 (¶5) (Miss. Ct. App. Nov. 5, 2019) (when an inmate "was convicted of a sex crime, he is not eligible to have his sentence reduced for" MET).

     Herring also states that he is a habitual offender, and so he is likewise barred under the same statute from receiving MET. Miss. Code Ann. § 47-5-139(1)(b) (lack of eligibility when "[t]he inmate was convicted as a habitual offender").