# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CT-00196-SCT

*EARNEST SYKES*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 07/02/96 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED IN PART; REVERSED IN PART AND REMANDED - 3/30/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/20/2000 |

**EN BANC.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Earnest Sykes, an inmate at the Mississippi State Penitentiary, filed a pro se motion for post-conviction relief in the Clay County Circuit Court. The circuit court found that the action was barred as a successive motion. The Court of Appeals of Mississippi determined on Sykes's appeal that the motion was not barred as a second filing. Instead, the Court of Appeals held that Sykes's motion was time-barred by the three-year statute of limitations for post-conviction relief under Miss. Code Ann. § 99-39-5(2)(Supp. 1999). *Sykes v. State*, No. 97-CA-00196-COA (Miss. Ct. App. March 9, 1999). For the reasons set forth below, the decision of the Court of Appeals is hereby affirmed in part and reversed in part, and the case remanded to the Clay County Circuit Court for further proceedings consistent with this opinion.

### FACTS AND PROCEDURAL HISTORY

¶2. At issue is a statute of limitations, and the relevant facts are limited to the occurrence of significant events. The chronology of these events is as follows:

| *DATE* | *EVENT* | *REMARKS* |
|---|---|---|
| 4/14/1993 | Guilty plea. | Sykes pleads guilty to sale of cocaine and judgment is entered on the same date. Sykes was sentenced as an habitual offender to thirty years in prison without benefit of parole. |
| | | The 3-year period for filing PCR would have run on 4/14/1996, a Sunday. Therefore, Sykes's deadline was 4/15/1996. |
| 4/12/1996 (Friday) | Sykes mails his motion for PCR. | Sykes sought post-conviction relief by his pro se motion mailed from the state penitentiary at Parchman. We are dependent on Sykes's certificate of service as proof that he deposited this document in the prison mail system on 4/12/1996. It appears clear, however, he would have deposited the motion on or before 4/15/1996 for it to be received by mail in the trial court on 4/16/1996. |
| 4/16/1996 | Sykes's motion is stamped filed in the trial court. | |
| 7/2/1996 | The motion is dismissed by the trial court. | The trial court interpreted the motion as a successive motion. Sykes appeals. |
| 3/9/1999 | The Court of Appeals dismisses the PCR motion. | The Court of Appeals held that the motion was not a successive filing, but was time barred per M.C.A. § 99-39-5(2), because it was not stamped "filed" within three years of entry of judgment on the guilty plea. |

## STATEMENT OF ISSUES

¶3. We granted Sykes's petition to address an issue of first impression: whether Sykes's motion for post-conviction relief was timely filed under the Mississippi Uniform Post-Conviction Collateral Relief Act ("UPCCRA"), codified as Miss. Code Ann. §§ 99-39-1 *et seq.* (1994 & Supp. 1999).

## DISCUSSION OF THE LAW

### *The Standard of Review*

¶4. Before the Court is the interpretation and construction of a statute of limitations. This Court employs a de novo standard of review of questions of law. ***Ellis v. Anderson Tully Co.***, 727 So.2d 716, 718 (Miss. 1998).

### *The Statutes and Procedural Rules*

¶5. Actions under the UPCCRA are civil actions. Miss. Code Ann. § 99-39-7 (1994). The Mississippi Rules of Civil Procedure apply to such proceedings, except where the act provides otherwise. ***Milam v.***

*State*, 578 So.2d 272, 273 (Miss. 1991).

¶6. The motion for post-conviction relief in this case relates to a judgment upon a guilty plea. The UPCCRA requires, under Miss. Code Ann. § 99-39-5(2), that motions must be "made" within three (3) years after entry of the judgment of conviction upon a guilty plea. The motion is to be "filed" as an original civil action in the trial court under Miss. Code Ann. § 99-39-7. Rule 5(e) of the Mississippi Rules of Civil Procedure provides that filing is accomplished by delivery to the clerk of the court, or to the judge if the judge should so allow. Rule 5(e) allows filing to be accomplished by electronic means, and M.R.C.P. 77(a) provides that the courts are "always open" for the purposes of filing.

*Analysis*

¶7. This Court recognizes that the legislature has the prerogative to fix reasonable periods for actions for post-conviction relief. *Cole v. State*, 608 So.2d 1313, 1317-18 (Miss. 1992). We have held, for example, that the three-year statute of limitations does not violate the constitutional protection of habeas corpus. *Cole*, 608 So.2d at 1319. The issue here is not the power of the legislature to provide such limitations, but the interpretation of statutes and court rules within the framework of a legislative act which impacts on the exercise of constitutional rights.

¶8. There are well-established principles which apply to statutory interpretation and construction. If a statute is not ambiguous, the court should apply the plain meaning of the statute. Ultimately, however, this Court's goal is to discern the legislative intent. *Mississippi Power Co. v. Jones*, 369 So.2d 1381, 1388 (Miss. 1979).

¶9. We have before us a statute, adopted after the effective date of the Mississippi Rules of Civil Procedure, which states that a motion for post-conviction relief must be "made" within three years. The statute which creates this three-year period is in the nature of a statute of repose. *Cole*, 608 So.2d at 1317. This Court has long viewed statutes of repose with disfavor, and, in the event of any ambiguity, we place upon such statutes a reasonable construction which will favor the preservation of the action. *Gentry v. Wallace*, 606 So.2d 1117, 1122 (Miss. 1992).

¶10. There is nothing in the UPCCRA which necessitates that we interpret the act's time limitation to require that a pro se prisoner must have his motion stamped "filed" in court within three years. If it were so, pro se prisoners would be subject to more disadvantages than are reasonably necessary in the administration of the criminal justice system. Unlike others, the pro se prisoner cannot personally deliver his papers to the court. He will likewise be without access to a fax machine and other means of rapid delivery to our "always open" courts.

¶11. These impediments, and the other obstacles which face the pro se prisoner, influence our decision. Such concerns, however, do not compel the result reached here. Instead, our decision is based upon what we believe to be the overriding intent and purpose of the Mississippi Uniform Post-Conviction Collateral Relief Act. The act is clearly intended to guide and assist the judiciary in its duty to provide an orderly means of administering the post-conviction claims of a growing prison population. That duty is incumbent upon the judiciary of this state. The duty also falls upon the judiciary of the federal courts, as the courts of last resort in the system for post-conviction relief. To that end, our UPCCRA and the federal Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§ 2241 *et seq.* (Supp. III 1997) ("AEDPA"), have each put time limitations on the exercise of post-conviction remedies.

¶12. In 1988, the United States Supreme Court adopted a "prison mailbox rule" for appeals within the federal system. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The *Houston* decision was subsequently incorporated into Rule 5 of the Federal Rules of Appellate Procedure and has since been applied by the federal courts to various types of pleadings. Under the prison mailbox rule, a pleading is deemed timely if it is deposited in the prison mail system within the time required. The Fifth Circuit has adopted the prison mailbox rule for filings under the AEDPA. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

¶13. This Court has previously considered adoption of the prison mailbox rule within the context of a direct appeal in a criminal case. *Benbow v. State*, 614 So.2d 398 (Miss. 1993). Such appeals are, or course, subject to the rules of this Court. We decided then to defer any decision on a prison mailbox rule to another day, because it is within the inherent power of this Court to suspend its own rules under what is now M.R.A.P. 2(c).

¶14. The time has come to adopt the prison mailbox rule, insofar as the initial pleadings made under the UPCCRA. We hold that a pro se prisoner's motion for post-conviction relief is delivered for filing under the UPCCRA and the Mississippi Rules of Civil Procedure when the prisoner delivers the papers to prison authorities for mailing. Prison authorities may initiate such procedures as are necessary to document reliably the date of such delivery, by means of a prison mail log of legal mail or other expeditious means. Henceforth, an inmate's certificate of service will not suffice as proof.

## CONCLUSION

¶15. The judgment of the Court of Appeals is affirmed insofar as it holds that Sykes's motion is not a successive motion. The judgment of the Court of Appeals is reversed insofar as it holds that Sykes's motion is time barred. Likewise, the judgment of the Clay County Circuit Court is reversed, and this case is remanded to the Clay County Circuit Court for a decision on the merits of Sykes's motion for post-conviction collateral relief.

¶16. **AFFIRMED IN PART; REVERSED IN PART AND REMANDED.**

**PRATHER, C.J., BANKS, P.J., McRAE, MILLS AND WALLER, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY COBB, J. DIAZ, J., NOT PARTICIPATING.**

**SMITH, JUSTICE, DISSENTING:**

¶17. I would affirm the Court of Appeals decision that Sykes's motion is indeed time barred. This Court has previously declined to adopt or reject the pro se prisoner mail box rule. *Benbow v. State*, 614 So. 2d 398, 402 (Miss. 1993). There, the Court discussed the adoption of the pro se prisoner mail box rule by the United States Supreme Court in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L. Ed. 2d 245 (1988), but noted that seven of the eight state jurisdictions to consider the issue had declined to adopt that view for the reason that, "[i]n the federal system, there is a well developed procedure for determining the time and date on which mail is received. To the contrary, in most state systems, the mail is simply deposited in a common institutional mailbox with no record kept of who sent the information or at what time." *Benbow*, 614 So. 2d at 402. Nothing has changed in this regard since 1993. The majority has simply ignored these differences in the state and federal prison mail systems noted in this Court's recent decision

and now required that the Mississippi Department of Corrections, and possibly counties and cities, assume responsibility for developing a prison mail system which will obviously depart from the normal, lawful, logical and routine course of conduct, an aimless digression, if you will. I would thus affirm the trial court and the Court of Appeals.

¶18. For these reasons, I respectfully dissent.

**COBB, J., JOINS THIS OPINION.**