MYERS, J.,
for the Court.
¶ 1. On October 11, 1995, Jimmy Ratliff pled guilty to the offense of sale of a controlled substance. The trial judge sentenced Ratliff to serve twenty-five years in the custody of the Mississippi Department of Corrections. Ratliff originally filed his motion for post-conviction relief in the Mississippi Supreme Court sometime in October 1998. Ratliff properly filed his motion with the trial court on December 30,1998. The trial court clerk erroneously filed Ratliffs motion and it was not found until May of 2000. Upon examining the motion, the trial court dismissed Ratliffs motion finding it to be procedurally barred by the three-year statute of limitations on such actions. Aggrieved by this decision, Ratliff appeals raising the following issues:
1. WHETHER THE TRIAL ' COURT ERRED IN FINDING THAT RATLIFF’S MOTION FOR POST-CONVICTION RELIEF WAS TIME BARRED.
¶2. Ratliff first asserts that his motion for post-conviction relief was timely filed. As stated above, Ratliff filed his motion for post-conviction relief in the Mississippi Supreme Court sometime in October of 1998 and properly filed his motion in the trial court on December 30, 1998. Pursuant to section 99-39-7 Mississippi Code Annotated (Rev.2000), motions for post-conviction relief are to be filed originally in the trial court except in cases where the conviction and sentence of the petitioner have been appealed. Prior to filing his motion for post-conviction relief, Ratliff had not appealed his conviction or sentence. Ratliff did not file his motion with the proper court until December 30, 1998, two months after the three-year statute of limitations prescribed in Mississippi Code Annotated section 99-39-5 (Rev. 2000) had expired.
¶ 3. In his brief, Ratliff states that he delivered the motion to prison authorities before October 11, 1998 for mailing, thus asserting the “prison mailbox rule” which states that a pleading is timely if it is delivered to prison authorities for mailing within the applicable time period. Sykes v. State, 757 So.2d 997, 1001(¶ 14) (Miss.2000). Ratliff contends that the prison authorities mailed the pleadings to the wrong court. The “prison mailbox rule” does not state that it is the prison authorities’ responsibility to determine which court should properly receive the pleadings. The prison authorities are only responsible for placing the pleadings in the mail and any delay by the authorities in mailing the pleadings is not prejudicial to *775 the petitioner. Id. Ratliff was responsible for determining which court should have received his pleadings. Ratliff chose the wrong court and did not properly file his pleadings with the trial court until after the three-year statute of limitations had run. This issue is without merit.
2. WHETHER THE TRIAL COURT DENIED RATLIFF DUE PROCESS OF LAW BECAUSE OF THE CIRCUIT CLERK’S MISPLACEMENT OF HIS MOTION.
¶ 4. Ratliff further contends that he was denied due process of law because of the circuit clerk’s error in filing his appeal. Ratliffs pleadings were properly filed with the circuit clerk’s office on December 30, 1998. The pleadings were then misplaced and not found for approximately two years. Ratliff argues that as a remedy this Court should reinstate his petition and order the trial court to hear it on the merits. This is not a discretionary matter for this Court. Once a statutory period of limitation has run to completion, the right and its remedy are extinguished. Miss.Code Ann. § 15-1-3 (Rev.1995). Further, the delay created by the circuit clerk’s error was not prejudicial to Ratliff as his petition was barred by the applicable statute of limitations. Ratliff was not denied due process of law. This issue is, therefore, without merit.
CONCLUSION
¶ 5. Ratliff mistakenly filed his petition for post-conviction relief with the incorrect court. By the time Ratliff corrected his error, the three-year statute of limitations had run causing the petition to be time-barred and not considered on the merits. The misfiling of Ratliffs petition was not prejudicial and, therefore, not a denial of due process. The issues presented in this appeal are without merit.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY DISMISSING THE POST CONVICTION RELIEF PETITION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ALCORN COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, CHANDLER AND BRANTLEY, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT WRITTEN OPINION.