BARNES, J.,
 

 for the Court.
 

 ¶ 1. Doug M. Carroll appeals the Circuit Court of Union County’s denial of his motion to dismiss the indictment against him for violation of his right to a speedy trial. Finding no error, we affirm the judgment of the circuit court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On October 13, 2005, Carroll was indicted by a Union County grand jury for robbery with a deadly weapon pursuant to Mississippi Code Annotated section 97-3-79 (Rev.2006). On April 20, 2006, Carroll filed a motion to dismiss the indictment for violation of his right to a speedy trial. The circuit court denied the motion on June 19, 2006. Subsequently, on June 20, 2006, in the midst of his jury trial, Carroll pleaded guilty to one count of robbery with a deadly weapon. On June 21, 2006, Carroll was sentenced to forty-five years in the custody of the Mississippi Department of Corrections (MDOC), with ten years suspended and five years’ post-release supervision.
 

 ¶ 3. On September 6, 2006, Carroll’s notice of appeal was received and filed in the Mississippi Supreme Court. The cover letter and the certificate of service, however, were both dated June 25, 2006. On appeal, Carroll asserts the following grounds of error: (1) the sentence imposed by the circuit court was illegal in light of the fact that he was a prior convicted felon and therefore was ineligible for a suspended sentence pursuant to Mississippi Code Annotated section 47-7-33; and (2) the circuit court erred in denying his motion to dismiss the indictment for violation of his right to a speedy trial. The State contends that this Court lacks jurisdiction to hear Carroll’s appeal on two grounds: (1) Carroll’s appeal was untimely, and (2) Carroll pleaded guilty and thus has no right to appeal his conviction and sentence. Finding proper jurisdiction and no error, we affirm.
 

 ANALYSIS
 

 I. Whether this Court lacks jurisdiction on the ground that Carroll’s appeal was untimely.
 

 
 *769
 
 ¶ 4. The State argues that this Court lacks jurisdiction to hear Carroll’s appeal because it was untimely filed. Mississippi Rule of Appellate Procedure 4(a) mandates that the “notice of appeal ... shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.” “An appeal which is ‘not timely filed pursuant to Rule 4 or 5' shall be mandatorily dismissed.’ ”
 
 Minchew v. State,
 
 967 So.2d 1244, 1246(¶ 4) (Miss.Ct.App.2007) (quoting M.R.A.P. (2)(a)(l)).
 

 ¶ 5. “When challenging an appeal as untimely, the State bears the burden of proving that, under the terms of the prison mailbox rule, the prisoner’s notice of appeal was not ‘filed’ within the thirty-day window of Rule 4.”
 
 Id.
 
 at 1246-47(¶4) (citing
 
 Sykes v. State,
 
 757 So.2d 997, 1000-01(¶ 14) (Miss.2000));
 
 Vance v. State,
 
 941 So.2d 225, 227(¶ 5) (Miss.Ct.App.2006) (citation omitted). “Under the prison mailbox rule, a pro se prisoner’s notice of appeal is effectively ‘filed’ under Rule 4 when the prisoner delivers his notice of appeal to the proper prison authorities for mailing.”
 
 Id.
 
 (citing
 
 Sykes,
 
 757 So.2d at 1000-01(114)).
 

 16. In this case, Carroll’s notice of appeal indicates that the judgment from which he appeals is the circuit court’s June 19, 2006, denial of his motion to dismiss the indictment for violation of his right to a speedy tiial. Therefore, Carroll was required to file his notice of appeal within thirty days after June 19, 2006. The record indicates that Carroll’s notice of appeal was received and filed by the circuit court on September 6, 2006, clearly more than thirty days from the date of the judgment denying Carroll's motion to dismiss the indictment. The cover letter and certificate of service attached to the notice of appeal, however, are dated June 25, 2006, which is within thirty days of June 19, 2006. "While we have no way of knowing when Carroll actually delivered his appeal documents to prison authorities for mailing, the State has offered no evidence indicating that Carroll failed to do so within the thirty-day window provided in Rule 4(a). Accordingly, as the State has failed to meet its burden of proving that Carroll’s notice of appeal was untimely filed, we find that we are not deprived of jurisdiction to hear this appeal on such ground.
 

 II. Whether this Court lacks jurisdiction to hear Carroll’s appeal on the ground that Carroll’s guilty plea precludes him from appealing his conviction and sentence.
 

 ¶ 7. The State also contends that this Court lacks jurisdiction to hear this appeal because Carroll relinquished his right to appeal his conviction and sentence when he pleaded guilty. The State cites Mississippi Code Annotated section 99-35-101 (Rev.2007), which states:
 

 Any person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty.
 

 We find the State’s argument to be without merit. The Mississippi Supreme Court has held that, while a conviction resulting from a guilty plea may not be directly appealed, “an illegal sentence handed down pursuant to the plea is appealable.”
 
 Jennings v. State,
 
 896 So.2d 374, 377(¶ 16) (Miss.Ct.App.2004) (citing
 
 Trotter v. State,
 
 554 So.2d 313, 315 (Miss. 1989)).
 
 [1]
 
 In this case, Carroll argues that
 
 *770
 
 his suspended sentence was illegal due to the fact that he was a prior convicted felon; therefore, this Court has jurisdiction to hear Carroll’s appeal in this regard. Accordingly, we proceed to consider Carroll’s appeal on its merits.
 

 III. Whether Carroll’s suspended sentence was illegal due to his status as a prior convicted felon.
 

 ¶8. Carroll contends that because he was a prior convicted felon at the time he was sentenced, he was not eligible for a suspended sentence in accordance with Mississippi Code Annotated section 47-7-33 (Rev.2004). That section states as follows:
 

 When it appears to the satisfaction of any circuit court or county court in the State of Mississippi, having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in termtime or in vacation, shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided, except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence.
 

 Prior to pleading guilty to armed robbery, Carroll was convicted of the felony of burglary; therefore, he was not eligible to receive a suspended sentence. As support for his argument, Carroll relies on
 
 Weaver v. State,
 
 785 So.2d 1085 (Miss.Ct.App.2001) and
 
 Cooper v. State,
 
 737 So.2d 1042 (Miss. Ct.App.1999). In both
 
 Weaver
 
 and
 
 Cooper,
 
 this Court held in accordance with section 47-7-33 that the respective defendants should be allowed to withdraw their guilty pleas because the suspended sentences they received were improper inducements to plead guilty due to the fact that the defendants, both prior convicted felons, were not eligible for suspended sentences.
 
 Weaver,
 
 785 So.2d at 1088(¶ 12);
 
 Cooper,
 
 737 So.2d at 1045(¶ 13).
 

 ¶ 9. However, since
 
 Weaver
 
 and
 
 Cooper
 
 were decided, the Mississippi Supreme Court has held that an individual with a prior felony conviction is eligible for a suspended sentence. In
 
 Johnson v. State,
 
 925 So.2d 86 (Miss.2006), the supreme court addressed the “ever-present sentencing problem that occurs when a prior convicted felon is given a split sentence of incarceration followed by MDOC supervision, whether it be classified as post-release supervision, or supervised probation.”
 
 Id.
 
 at 91(¶ 8). Johnson, who had a prior felony conviction, was convicted of the sale of cocaine and sentenced to fifteen years’ imprisonment, with eight years suspended and five years of post-release supervision.
 
 [2]
 

 Id.
 
 at 88(¶ 2). On appeal,
 

 
 *771
 
 Johnson argued that his suspended sentence was illegal due to the fact that he was a prior convicted felon, and this Court agreed.
 
 Id.
 
 at 89-90(¶ 4). The Court, however, chose not to remand the case for re-sentencing; rather, the Court removed the eight-year suspended sentence and replaced it with five years of post-release supervision.
 
 [3]
 

 Id.
 
 at 90(¶ 6). Upon this Court’s invitation,
 
 [4]
 
 the supreme court granted the State’s writ of certiorari.
 
 Id.
 
 The supreme court found that Johnson’s original sentence was legal; therefore, this Court erred in modifying the sentence. In
 
 *772
 
 so holding, the supreme court first noted that “suspending a sentence and granting probation are not interchangeable mechanisms.”
 
 Id.
 
 at 93(¶ 12). The supreme court then discussed two cases that played a particularly crucial role in the development of Mississippi’s law as it pertains to suspended sentences for prior convicted felons, the first of which was
 
 Robinson v. State,
 
 585 So.2d 757 (Miss.1991).
 

 ¶ 10. In
 
 Robinson,
 
 a defendant with a prior felony conviction was sentenced to a suspended sentence in addition to supervised probation.
 
 Johnson,
 
 925 So.2d at 96(¶ 20). On appeal of the circuit court’s denial of Robinson’s motion for post-conviction relief, the supreme court held that section 47-7-33 does not allow a convicted felon “to receive ‘suspension of sentence and probation,’ and that Robinson should therefore be permitted to withdraw his guilty plea and enter a new plea ... [or] be given the opportunity for a trial if he chose to offer a not guilty plea.”
 
 Id.
 
 at 97(¶ 20). According to the
 
 Johnson
 
 court, while the correct result was reached in
 
 Robinson,
 
 “the road ... traveled to get to [the] final destination was more than a little bumpy.”
 
 Id.
 
 The court noted the following language in
 
 Robinson
 
 as precipitating the need to clarify the court’s interpretation of section 47-7-33, stating:
 

 Clearly, [section] 47-7-33 does not permit suspension of sentence and probation to a defendant with a prior felony conviction.
 
 Robinson’s suspended sentence and probation was without authority
 
 and, therefore, invalid. Because Robinson plead guilty on the improper inducement that he was eligible for
 
 a suspended sentence or probation,
 
 he is therefore permitted to withdraw his guilty plea and he must be allowed to enter a new plea and offered the opportunity of a new trial. Accordingly, we reverse the judgment below and restore Robinson’s plea of not guilty to the indictment for possession of more than one ounce and less than one kilogram of marijuana and remand for such further appropriate proceedings.
 

 Id.
 
 (quoting
 
 Robinson,
 
 585 So.2d at 759) (internal citation omitted).
 

 ¶ 11. The
 
 Johnson
 
 court then discussed
 
 Goss v. State,
 
 721 So.2d 144 (Miss.1998), which it stated “galvanized” the
 
 Robinson
 
 holding and was “responsible for perpetuating the interpretation accorded to section 47-7-33.”
 
 Id.
 
 at (¶ 21). In
 
 Johnson,
 
 the supreme court quoted from
 
 Goss,
 
 which relied on
 
 Robinson,
 
 as follows:
 

 In
 
 Robinson, we held the trial court suspended the defendant’s sentence in violation of [section] U7-7-33 due to the defendant’s prior felony conviction.
 
 The uncertainty in the instant case stems from the distinguishable fact that only part of Goss’s sentence was suspended by the lower court rather than the entire sentence as in
 
 Robinson. We find that the wording of the statute not only restricts the courts’ ability to place defendants with prior felony convictions on probation, but it also restricts their ability to wholly
 
 or
 
 partially suspend the sentence of a previously convicted felon.
 
 Therefore, the lower court erred in sentencing Goss, a convicted felon, to serve seven years in the state penitentiary followed by a conditional three year suspended sentence. Goss is simply not entitled to a suspended sentence in light of his prior conviction.
 

 Johnson,
 
 925 So.2d at 98-99(¶ 22) (quoting
 
 Goss,
 
 721 So.2d at 146(¶ 12)). According to the
 
 Johnson
 
 court, the
 
 Goss
 
 court misinterpreted
 
 Robinson
 
 and section 47-7-33 as follows:
 

 The unquestionable flaw in
 
 Goss
 
 is that it expanded the limiting language of [s]ection 47-7-33, which applies to convicted felons, by replacing the specific
 
 *773
 
 language provided for by the Probation Act, which specifically limits a judges’ ability to suspend a sentence
 
 and
 
 place a convicted felon on probation, with language that prevents judges from placing a convicted felon on probation
 
 or
 
 suspending the sentence. This new interpretation in
 
 Goss
 
 changed the landscape of sentencing under [sjection 47-7-33 by prohibiting trial judges not only from imposing supervised probation on a convicted felon, but also from suspending a convicted felon’s sentence, in whole or in part. We now find that Goss’s interpretation of this statute was error. If the legislature had intended for the prior felony exception to apply to both instances where a judge is considering imposition of a “straight” suspended sentence versus supervised probation, the legislature would have used the disjunctive “or” to assure that the prior felony exception applied in both sentencing situations. Importantly, the legislature opted for the conjunctive “and”, as opposed to “or”, which evidences the legislature’s intent that the prior convicted felon exception apply only when the sentencing judge seeks to suspend the imposition or execution of a sentence “and” place the defendant on probation under MDOC supervision.
 

 Id.
 
 at 99(¶ 23). The court stated that the holding in
 
 Goss
 
 “treated suspended sentences and probation as interchangeable sentencing mechanisms born of the same legislative act” when, in fact, “suspending a sentence and imposing probation are distinct events.”
 
 Id.
 
 at (¶ 24).
 

 ¶ 12. The
 
 Johnson
 
 court found that by enacting Mississippi Code Annotated section 47-7-34, which created the PostARe-lease Supervision Program, the Legislature “return[ed] sentencing discretion back to our trial judges” and “provid[ed] [the supreme court] with the statutory impetus to uphold substantively proper sentencing, which might otherwise have been struck down as ‘illegal’ under Mississippi] Code Ann[otated] [s]ection 47-7-33(1).”
 
 Id.
 
 at 99-100 (¶¶ 24-25). The court then summarized its holding as follows:
 

 For purposes of clarity, consistency and cohesion, we hold today that the circuit and county courts of this state have the power to suspend, in whole or in part, a convicted felon’s sentence under Mississippi] Code Annotated] section 47-7-33 inasmuch as this Court and the legislature have empowered them to do so under Mississippi] Code Annotated] section 47-7-34, and to the extent that the practice has been historically ingrained in our criminal courts’ sentencing practice. In this way, the appellate courts of this state should liberally read the Probation Act, as codified in 1956, along with the Post-Release Supervision Program, as codified in 1995, with an eye on the intentions of the trial courts, recognizing the trial courts’ ability to monitor or supervise prior convicted felons beyond the five-year maximum period statutorily assigned to the MDOC.
 

 Today, we return the legislatively intended sentencing discretion to our trial courts by clarifying that (1) Mississippi] Code Annotated] section 47-7-33 prohibits the imposition of a suspended sentence
 
 and
 
 supervised probation on a pri- or convicted felon;
 
 however, this statute does not prohibit the imposition of a suspended sentence, in whole or in part, upon a prior convicted felon, so long as the sentence does not involve a period of supervised probation and does not exceed the maximum penalty statutorily prescribed for the felony offense committed;
 
 (2) when a suspended sentence
 
 and
 
 supervised probation are properly imposed upon a first-offender under the
 
 *774
 
 provisions of [s]ection 47-7-33, the period of supervision by the Mississippi Department of Corrections is limited to a maximum period of five years; (3) Mississippi] Code Annotated] section 47-7-34 does not prohibit the imposition of post release supervision upon a prior convicted felon, nor does this statute limit the period of post-release supervision to a period of five years; but instead, the period of post release supervision is limited only to the number of years, which when added to the total period of incarceration, would not exceed the maximum penalty statutorily prescribed for the felony offense committed; and, (4) importantly, the statutory limitation of five years applies only to that maximum period of post-release supervision which may be served under the supervision of the Mississippi Department of Corrections. To the extent that our decision in
 
 Goss v. State,
 
 721 So.2d 144 (Miss.1998), is in conflict with today’s decision,
 
 Goss
 
 is expressly overruled.
 

 Johnson,
 
 925 So.2d at 103, 105 (¶¶ 32, 39).
 

 ¶ 13. We now turn to the facts of the case before us. Carroll, a prior convicted felon, was sentenced to forty-five years in the custody of the MDOC, with ten years suspended and five years of post-release supervision. In ordering that Carroll serve five years of post-release supervision, the circuit court specifically invoked section 47-7-34. Thus, in accordance with
 
 Johnson,
 
 Carroll’s prior felony conviction did not prevent him from receiving a suspended sentence. Moreover, Carroll’s sentence, including the period of post-release supervision, did not exceed the maximum penalty statutorily prescribed for the felony offense committed. Pursuant to Mississippi Code Annotated section 97-3-79 (Rev.2006), in the event that a defendant is sentenced by the judge, the penalty shall be “imprisonment in the state penitentiary for any term not less than three (3) years” but, less than a life sentence.
 
 See State v. Hayes,
 
 887 So.2d 184, 187(¶ 11) (Miss.Ct.App.2004) (“Section 97-3-79 does not provide for a maximum sentence of life for armed robbery when the sentence is imposed by a judge rather than a jury.”). Thus, Carroll’s sentence of forty-five years, with ten years suspended and five years of post-release supervision, is clearly within the statutory guideline range. Accordingly, Carroll’s argument that his sentence is illegal is without merit.
 
 [5]
 

 IV. Whether Carroll was denied his right to a speedy trial.
 

 ¶ 14. Carroll contends that he was denied both his constitutional and statutory right to a speedy trial. However, it is well settled that a valid “guilty plea waives the right to a speedy trial, whether that right is of constitutional or statutory origin.”
 
 Rowe v. State,
 
 735 So.2d 399, 400(¶ 3) (Miss.1999) (citing
 
 Anderson v. State,
 
 577 So.2d 390, 391-92 (Miss.1991)). In this case, Carroll does not challenge the validity of his guilty plea, and the record indicates that the guilty plea was voluntary. Accordingly, as Carroll waived his right a speedy trial when he pleaded guilty, this issue is without merit.
 

 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY OF CONVICTION OF ROBBERY
 
 *775
 
 WITH A DEADLY WEAPON AND SENTENCE OF FORTY-FIVE YEARS, WITH THIRTY-FIVE YEARS TO SERVE AND TEN YEARS SUSPENDED, AND FIVE YEARS OF POST-RELEASE SUPERVISION, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO UNION COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, ISHEE AND CARLTON, JJ., CONCUR. IRVING AND ROBERTS, JJ., CONCUR IN RESULT ONLY.
 

 [1]
 

 . We note that section 99-35-101 was recently amended to state that, effective July 1, 2008, "[a]ny person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no
 
 *770
 
 appeal from the circuit court to the Supreme Court shall be allowed.” 2008 Miss. S.B. 2100. This amendment appears to indicate that even an illegal sentence may not be challenged on direct appeal, but rather must be challenged by way of a petition for post-conviction relief. The amendment, however, is inapplicable to Carroll's appeal as it was perfected prior to the amendment's effective date.
 

 [2]
 

 . For the prior felony conviction Johnson was sentenced to fifteen years' imprisonment, with eleven years suspended and five years of post-release supervision; therefore,
 

 [t]he practical effect of the sentence ... imposed upon Johnson was that (1) upon
 
 *771
 
 completion of the sentence Johnson was serving at the time of the imposition of the sentence under review, Johnson would serve seven years of incarceration; (2) upon release from MDOC custody, Johnson would serve the remaining eight years of his fifteen-year sentence on post-release supervision pursuant to the provisions of Mississippi] Code Ann[otated] [sjection 47-7-34; (3) five years of Johnson's eight-year post-release supervision sentence would be served under MDOC supervision pursuant to the terms and conditions provided by Mississippi] Code Annotated] [s]ection 47-7-35; (4) the remaining three years of Johnson's eight-year post-release supervision sentence would be served as "non-reporting,” meaning that while Johnson would not be under MDOC supervision by reporting to a MDOC probation officer, Johnson would still be required to remain on "good behavior,” such as not committing another crime, not owning, carrying, or concealing a firearm, and not using or possessing illegal drugs; and, (5) if Johnson violated any of the terms of his post-release supervision during this eight-year period, the court would have authority to terminate any part of, or all of, his eight-year post-release supervision, and sentence Johnson to serve a term of up to eight years in the custody of the Mississippi Department of Corrections, pursuant to the provisions of Mississippi] Code Annfotated] [s]ection 47-7-34(2).
 

 Johnson,
 
 925 So.2d at 89(¶ 3).
 

 In this case, the circuit judge who sentenced Carroll on the armed robbery conviction ordered that the sentence be served consecutive to the sentence Carroll was already serving; thus, the practical effect of Carroll’s sentence would be as follows; (1) upon the completion of the sentence he was already serving, Carroll would serve thirty-five years of incarceration; (2) upon release from the custody of the MDOC, Carroll would serve the remaining ten years of his forty-five-year sentence on post-release supervision pursuant to the provisions of Mississippi Code Annotated section 47-7-34; (3) five years of Carroll’s ten-year post-release supervision sentence would be served under MDOC supervision pursuant to the terms and conditions provided by Mississippi Code Annotated section 47-7-35; (4) the remaining five years of Carroll's ten-year post-release supervision sentence would be served as "non-reporting,” meaning that while Carroll would not be under MDOC supervision by reporting to a MDOC probation officer, he would still be required to remain on "good behavior”; and (5) if Carroll violated any of the terms of his post-release supervision during this ten-year period, the court would have authority to terminate any part of, or all of, his ten-year post-release supervision, and sentence him to serve a term of up to ten years in the custody of the Mississippi Department of Corrections pursuant to the provisions of Mississippi Code Annotated section 47-7-34(2).
 

 [3]
 

 . The Court reasoned that there was "no practical difference between what the trial judge did and what he should have done, which would have been to sentence Johnson to a seven year term of incarceration and a five year term of post-release supervision.”
 
 Id.
 
 at 90(¶ 5).
 

 [4]
 

 . After noting that recent supreme court decisions had indicated that there might be two ways to serve post-release supervision, one being five years under the supervision of the MDOC and the other being "unsupervised post-release supervision,” and the possibility that post-release supervision may be permitted for a longer period "so long as the total of the term to serve, the term of supervised supervision, and the term of unsupervised supervision does not exceed the maximum sentence for the offense,” the Court stated that "[l]ater decisions are needed to make the interpretation of post-release supervision more certain.”
 
 Johnson,
 
 925 So.2d at 90(¶ 5) (quoting
 
 Johnson v. State,
 
 924 So.2d 527, 530(¶ 10) (Miss.Ct.App.2004)).
 

 [5]
 

 . We note that while
 
 Weaver
 
 and
 
 Cooper
 
 were not expressly overruled by
 
 Johnson,
 
 both cases cited
 
 Robinson
 
 and
 
 Goss
 
 as support for their conclusion.
 
 Weaver,
 
 785 So.2d at 1087-88(119);
 
 Cooper,
 
 737 So.2d at 1045(¶ 11). As was discussed above,
 
 Johnson
 
 expressly overruled
 
 Goss
 
 and held that
 
 Robinson
 
 is not to be interpreted as preventing a prior convicted felon from receiving a suspended sentence.