# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01234-COA

**COURTNEY R. LOGAN A/K/A COURTNEY LOGAN**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

DATE OF JUDGMENT:          07/25/2018
TRIAL JUDGE:               HON. CAROL L. WHITE-RICHARD
COURT FROM WHICH APPEALED: LEFLORE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:    COURTNEY R. LOGAN (PRO SE)
ATTORNEY FOR APPELLEE:     OFFICE OF THE ATTORNEY GENERAL
                           BY: SCOTT STUART
NATURE OF THE CASE:        CIVIL - POST-CONVICTION RELIEF
DISPOSITION:               AFFIRMED - 05/05/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE J. WILSON, P.J., GREENLEE AND LAWRENCE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Courtney Logan, appearing pro se, appeals from the Leflore County Circuit Court's dismissal of his motion to amend or reconsider his motion for post-conviction collateral relief (PCR). Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Logan was indicted for and convicted of, among other things, attempted first-degree murder in the State of Tennessee for his role in the 2009 shooting of Sergeant Mark

Chestnut, an officer with the Nashville Police Department.[1] On March 3, 2011, the Governor of Mississippi issued a "Request for Interstate Rendition" to the Governor of Tennessee to extradite Logan from Tennessee to Mississippi for the prosecution of kidnapping, aiding in a felony escape, and possession of a firearm by a felon. That request was granted on April 5, 2011. The Governors of Tennessee and Mississippi then entered into an executive agreement that required Logan's extradition to Mississippi for prosecution and his return to Tennessee upon the conclusion of that prosecution to complete his Tennessee sentence for attempted first-degree murder. Logan was thereafter extradited to Mississippi and subsequently tried and convicted on five counts of kidnapping, one count of aiding escape, and one count of possession of a firearm by a felon. On November 9, 2012, the Leflore County Circuit Court sentenced Logan as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2007) to seven consecutive life sentences without eligibility for parole.[2]

¶3. On October 13, 2016, Logan filed a "petition" styled "Habeas Corpus Challenge for Current Confinement" that sought to challenge his confinement in Mississippi. On August 2, 2017, the circuit court denied that petition, finding that Logan had failed to demonstrate that he was being illegally confined, detained, or deprived of his liberty.

---

[1] *See State v. Logan*, No. M2014-01687-CCA-R3-CD, 2015 WL 5883187, at \*1 (Tenn. Crim. App. Oct. 8, 2015).

[2] This Court affirmed that decision in August 2015. *Logan v. State*, 192 So. 3d 1012 (Miss. Ct. App. 2015).

¶4. On August 21, 2017, Logan filed a pro se request to amend or reconsider his PCR challenge, alleging his current confinement in Mississippi was illegal and that he should be extradited to Tennessee. In November 2017, Logan was extradited from Mississippi to Tennessee pursuant to the aforementioned executive agreement to complete his thirty-one-year sentence for attempted first-degree murder. On July 25, 2018, or eleven months after Logan's extradition to Tennessee, the circuit court dismissed Logan's pro se motion to amend or reconsider his PCR challenge, finding it "not well taken" and "moot." It is from that dismissal that Logan now appeals.

## DISCUSSION

### I. Jurisdiction

¶5. The State has not challenged appellate jurisdiction in this case. However, we must first determine whether Logan's appeal is properly before this Court. Mississippi Rule of Appellate Procedure 4(a) requires that the notice of appeal be filed with the trial court within thirty days of the entry of the judgment appealed from. Generally, an appeal must be dismissed unless the notice of appeal is timely filed pursuant to Mississippi Rule of Appellate Procedure 4 or 5. Mississippi Rule of Appellate Procedure 2(c) permits this Court to suspend the requirements of appellate rules in the interest of justice. This Court may suspend Rule 4(a) to allow an out-of-time appeal in criminal cases and civil PCR actions. M.R.A.P. 2(c) cmt. We discuss the application of these rules below.

¶6. Here, the record indicates that Logan's notice of appeal was untimely filed thirty-four

3

days after the circuit court entered its judgment. The circuit court denied Logan's motion to amend or reconsider on July 25, 2018. Logan's notice of appeal was stamped "filed" on August 28, 2018, or four days late.[3]

¶7. The prison-mailbox rule states that a prisoner's pro se PCR motion "is timely if it is deposited in the prison mail system within the time required." *Sykes v. State*, 757 So. 2d 997, 1000 (¶12) (Miss. 2000); *accord Gaston v. State*, 817 So. 2d 613, 616 (¶8) (Miss. Ct. App. 2002) (applying the prison-mailbox rule to notices of appeals). We note that Logan's handwritten certificate of service indicated that his notice of appeal was mailed on August 20, 2018. But our supreme court has rejected an inmate's certificate of service as sufficient proof. *Sykes*, 757 So. 2d at 1001 (¶14).

¶8. Nevertheless, we exercise our discretion under Rule 2(c) to suspend the thirty-day requirement to the extent Logan's filing may have been untimely because Logan's notice of appeal was received four days late, the State did not challenge the timeliness of this appeal, and the documents could have been delivered to prison authorities within the thirty-day time frame of Rule 4(a). *See Jewell v. State*, 946 So. 2d 810, 813 (¶9) (Miss. Ct. App. 2006) (holding that where the appellant's "notice of appeal is filed by the clerk of the trial court within a reasonable time after the expiration of the thirty days allowed in Rule 4(a)," "a rebuttable presumption exists that the appellant's appeal was timely filed"); *accord Carroll*

---

[3] Logan attached the circuit court's order denying his pro se request to amend or reconsider to his notice of appeal.

*v. State*, 3 So. 3d 767, 769 (¶6) (Miss. Ct. App. 2008) (finding that the State bore the burden of proving an appeal was untimely under similar circumstances). Accordingly, this Court has jurisdiction to consider this appeal.

## II.     Pro Se Motion to Amend or Reconsider

¶9.     The circuit court dismissed Logan's PCR motion on August 2, 2017. Instead of appealing from that order, Logan filed his "Pro Se Request to Amend or Reconsider Habeas Corpus Challenge" with the circuit court. That motion was stamped "filed" on August 21, 2017, or nineteen days after the circuit court entered its order dismissing the motion. Thus, we again must determine the date Logan delivered his pro se request to amend or reconsider the order to prison authorities. *See Gaston*, 817 So. 2d at 616 (¶¶6-7) ("We hold that in Mississippi the prison mailbox rule extends to all actions under the UPCCRA[] and appeals in those actions."). If Logan delivered his motion to prison authorities within ten days after the entry of judgment, Logan's motion must be reviewed under Mississippi Rule of Civil Procedure 59(e). M.R.C.P. 59(e) ("A motion to alter or amend shall be filed not later than ten days after the entry of judgment."). If Logan delivered his motion after that ten-day period, Logan's motion is reviewed under Mississippi Rule of Civil Procedure 60(b). M.R.C.P. 60(b) ("The motion shall be made within a reasonable time . . . not more than six months after the judgment, order, or proceeding was entered or taken.").

¶10.     Unlike the certificate of service attached to Logan's notice of appeal, Logan's pro se motion to amend or reconsider does not bear *any* date other than the circuit clerk's August

5

21, 2017 file stamp. Additionally, the record is devoid of an envelope or any other document revealing to this Court the date Logan may have delivered his pro se motion to amend or reconsider the order to prison authorities. In some instances, it appears that such lack of knowledge by the Court may require reversal of judgment and remand of the case for further proceedings to determine the date prison authorities received the prisoner's filing. *Cf. Easley v. Roach*, 879 So. 2d 1041, 1043 (¶¶4-8) (Miss. 2004) (vacating the circuit court's judgment and remanding the case to determine the exact date the prisoner submitted his *complaint* for mailing and whether that date was within the statutorily required thirty-day time period).

¶11. Yet we need not go that far here because Logan's claims on appeal are moot. In Logan's initial PCR motion, Logan argued that his extradition from Tennessee to Mississippi was unlawful. In his pro se motion to amend or reconsider, Logan's argument remained the same: "[Logan] requests that [the executive agreement] be [upheld,] as said breach is obstructing [Logan's] right to be free from illegal confinement." "Once a prisoner has been returned to the demanding state, the legality of the extradition is no longer subject to legal attack." *Godsey v. Houston*, 584 So. 2d 389, 391 (Miss. 1991); *see also Logan v. State*, No. M2015-00725-CCA-R3-HC, 2016 WL 716818, at *2 (Tenn. Crim. App. Feb. 23, 2016) ("Once the petitioner has been returned to the demanding state, any appeal is moot."). The record shows that Logan filed his motion challenging extradition while he was in custody in Mississippi. However, Logan was extradited back to Tennessee (pursuant to the executive agreement) prior to the circuit court's decision denying that motion. Therefore, we find that

6

Logan's claims on appeal are moot because he is no longer in Mississippi's custody. *Barrett v. City of Gulfport*, 196 So. 3d 905, 911 (¶17) (Miss. 2016) ("A case is moot so long as a judgment on the merits, if rendered, would be of no practical benefit to the plaintiff or detriment to the defendant."). As such, we conclude that the circuit court did not err by denying Logan's pro se motion to amend or reconsider the order, and Logan is not entitled to any relief.

## CONCLUSION

¶12. Based upon the foregoing, we affirm the circuit court's judgment.

¶13. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**