# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00349-COA

PATRICK ANTHONY KLIS A/K/A PATRICK             APPELLANT
KLIS A/K/A PATRICK A. KLIS

v.

STATE OF MISSISSIPPI                                   APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/02/2021 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER G. HOLT |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALEXANDRA ROSENBLATT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/24/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1. Patrick Anthony Klis appeals the denial of his petition for post-conviction relief (PCR) seeking re-sentencing. The circuit court found Klis' petition time-barred and that his claim of ineffective assistance of counsel did not provide an exception to that bar. We affirm the circuit court's denial of the petition.

## FACTS AND PROCEDURAL HISTORY

¶2. Klis pled guilty to two counts of statutory rape on December 4, 2015. At the guilty-plea hearing, the circuit judge questioned Klis at length regarding whether he understood his decision to enter open guilty pleas and further questioned him regarding facts surrounding

the crimes. The circuit court found that Klis' guilty pleas were "freely, voluntarily, intelligently made," accepted his guilty pleas, and adjudicated Klis to be guilty of both counts of statutory rape. The judgment of conviction was entered on December 10, 2015. In order to obtain a pre-sentence investigation report, sentencing was set for January 28, 2016.

¶3. At the sentencing hearing, counsel for the State spoke on the victim's behalf. Witnesses for Klis were his mother, stepfather, and wife, all describing Klis' background and asking for leniency. For Count I, the circuit court sentenced Klis to fifteen years in the custody of the Mississippi Department of Corrections. For Count II, the circuit court sentenced Klis to fifteen years, with nine years to serve, followed by six years of post-release supervision. The circuit court ordered the sentences to run consecutively. The circuit court entered its sentencing order on February 4, 2016.

¶4. The circuit clerk's docket entries show that Klis filed his PCR petition on February 7, 2019. Klis alleged that he was denied effective assistance of counsel at his sentencing hearing, but he did not challenge his convictions. Instead, he asked the circuit court for a new sentencing hearing. In support of his petition, Klis attached his own sworn affidavit and two psychological evaluations that were not presented to the circuit court at his sentencing hearing. These reports show that he suffers from post-traumatic stress disorder. The first evaluation is dated March 9, 2010, long before the incidents resulting in Klis' arrest for two counts of statutory rape. The second evaluation is dated October 22, 2015, shortly before his guilty pleas in this case. The purpose of this second examination was to determine whether

2

Klis was competent to stand trial and whether Klis was *M'Naghten*[1] insane at the time of the offenses.

¶5.    The circuit court summarily denied Klis' PCR petition finding that it was filed outside the three-year statute of limitations imposed by Mississippi Code Annotated section 99-39-5(2) (Rev. 2020) and was therefore procedurally barred. The circuit court further recognized that an ineffective-assistance claim may be exempt from the time-bar under extraordinary circumstances. Thus, the circuit court found that it "must review the merits of these issues in order to determine whether Klis' claim of ineffective assistance of counsel survives the statutory time bar." After considering the matters presented, the circuit court found that Klis' claim of ineffective assistance of counsel had no merit and that his petition was procedurally barred. It is from this decision that Klis appeals.

## STANDARD OF REVIEW

¶6.    In *Kennedy v. State*, 287 So. 3d 258, 263 (¶12) (Miss. Ct. App. 2019), this Court reiterated our standard of review as follows:

> We review the dismissal or denial of a PCR motion for abuse of discretion. We will only reverse if the circuit court's decision is clearly erroneous. When reviewing questions of law, our standard is de novo. *Ware v. State*, 258 So. 3d 315, 317-18 (¶7) (Miss. Ct. App. 2018) (quoting *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012)).

## ANALYSIS

### I.    Whether Klis' PCR petition is procedurally barred.

¶7.    Klis' judgment of conviction was entered on December 10, 2015. At the earliest, Klis

---

[1] *M'Naghten's Case*, 8 Eng. Rep. 718 (1843).

filed his PCR petition on February 4, 2019.[2] Accordingly, Klis filed his PCR petition beyond

the three-year limitation imposed by section 99-39-5(2). In *Kennedy*, 287 So. 3d at 264 (¶17),

we said

> that where a movant has entered a guilty plea, a PCR motion "shall be made
> . . . within three years after the entry of the judgment of conviction." A
> movant's "failure to file a PCR motion within the three years is a procedural
> bar." *Blount v. State*, 126 So. 3d 927, 930-31 (¶12) (Miss. Ct. App. 2013).

Since Klis filed his petition more than three years after the entry of his judgment of

conviction, the circuit court correctly found that the petition was time-barred.[3]

## II. Whether Klis' claim of ineffective assistance of counsel provides an exception to the procedural bar.

¶8.     The burden was on Klis to show by a preponderance of the evidence that his claim of

ineffective assistance of counsel is excepted from the procedural bar. *See Figueroa v. State*,

319 So. 3d 1151, 1155 (¶16) (Miss. Ct. App. 2020). Concerning the burden on the petitioner,

this Court has said:

> The Mississippi Supreme Court has consistently held that the [Mississippi
> Uniform Post-Conviction Collateral Relief Act's (UPCCRA)] procedural bars
> apply to post-conviction relief claims based on ineffective assistance of
> counsel. However, this Court has recognized that in certain cases, an attorney's
> performance is so deficient and prejudicial to a defendant, that it is deemed to

---

[2] For purposes of this appeal, we assume that Klis delivered his petition to prison authorities for mailing on the same day he signed it, applying the "mailbox rule" as announced in *Sykes v. State*, 757 So. 2d 997, 1000-01 (¶14) (Miss. 2000). Klis' PCR petition was signed February 4, 2019, but not marked "filed" until February 7, 2019. However, we acknowledge that "an inmate's certificate of service will not suffice as proof" of the delivery date. *Id*.

[3] This was prior to the effective date of Mississippi Rule of Criminal Procedure 26.2(b)(1), which now requires the judgment of conviction and sentence to be entered together.

be violative of the defendant's fundamental constitutional rights. *Id*. at (¶13); *see also Rowland* [*v. State*], 42 So. 3d [503,] 506 (¶9) [(Miss. 2010)] ("[E]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA."). Overcoming the procedural bars "requires more than a party's own affidavit or mere assertions made within his brief." *McCoy v. State*, 111 So. 3d 673, 679 (¶21) (Miss. Ct. App. 2012). "A defendant's claims of ineffective assistance of counsel must be pled with specificity, and the claim must be supported by affidavits other than his own." *Moore v. State*, 248 So. 3d 845, 851 (¶15) (Miss. Ct. App. 2017).

*Kennedy*, 287 So. 3d at 265 (¶22). We further recognized that

[w]hen the only support the movant offers is his own affidavit, and it is contradicted by unimpeachable documents in the record, an evidentiary hearing is not required. However, when the movant attaches an affidavit of another who supports the allegation, the circuit court may be required to conduct an evidentiary hearing.

*Id*. at 265-66 (¶22). And specifically concerning the procedural time-bar regarding a claim of ineffective assistance of counsel, this Court said in *Kelly v. State*, 306 So. 3d 776, 778-79 (¶9) (Miss. Ct. App. 2020):

We recognize that certain fundamental rights—including, in "extraordinary circumstances," the right to effective assistance of counsel—are excepted from the UPCCRA's procedural bars. *See Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015) (finding "lack of a direct appeal, lack of a court record, attorney's failure to obtain a transcript, and lack of appellate review of the merits of movant's claims" to be extraordinary circumstances warranting exception from PCR time-bar); *accord Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). But Kelly offers no evidence to substantiate any "extraordinary circumstance" that would explain his failure to assert his PCR claims within the statutory three-year time limitation.

¶9.     In his petition, Klis makes no effort to explain why his petition should be excepted from the procedural bar or why he could not have filed his petition within three years after the judgment of conviction was entered. His claim is based upon psychological evaluations that were prepared and available before the date of his conviction. Just as in *Kelly*, Klis has

5

shown no "extraordinary circumstance" that would explain why he could not have asserted his claim for relief within the statutory three-year period.

¶10.  Klis' failure to provide any affidavits other than his own is fatal to his claim of ineffective assistance of counsel. *Bolden v. State*, 166 So. 3d 568, 573 (¶14) (Miss. Ct. App. 2015) ("When a movant fails to attach any supporting affidavits and relies solely on his own sworn motion, his ineffective-assistance claim must fail."). In any event, his ineffective-assistance argument still fails. Klis contends that the circuit court did not receive any "clinical materials" regarding his post-traumatic stress disorder, specifically referring to the two psychological examinations attached to his sworn affidavit as exhibits. In denying Klis' PCR petition, the circuit court noted in its ruling:

> A pre-sentence investigation, including an assessment of his mental health issues, was conducted and was provided to the [c]ourt before sentencing, along with eighteen letters of character references and documents showing that Klis served honorably in the military and received awards as a police officer. During the sentencing hearing, Klis' family addressed the [c]ourt at length regarding his battle with Post Traumatic Stress Disorder. Taking all of those things into consideration, Klis received his sentence as outlined above. Klis, therefore, has failed to show as he alleges that his counsel's representation fell below an objective standard of reasonableness . . . .

**CONCLUSION**

¶11.  Klis did not file his PCR petition within three years of the entry of the judgment of conviction and it is, therefore, time-barred. Klis also failed to show that his claim should be excepted from the time-bar. In any event, Klis' claim of ineffective assistance of counsel at sentencing is without merit. The circuit court did not err or abuse its discretion when it denied Klis' PCR petition.

6

¶12. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**